# Redstone Township School District.

*School law—School directors—Removal by court—Resignation— Meetings—Notice — Sunday — Waiver of notice by attendance— Motive—Act of May 18, 1911, P. L. 325—Jurisdiction of court to remove directors.*

1. Where notice of a special meeting of school directors states that the meeting is for "general purposes" in the language of sec-

tion 309 of the School Code of May 18, 1911, P. L. 325, and all of the members are served, and all of them except one, who subsequently attended the meeting, knew that the object of the meeting was to pass upon the resignation of five directors, such meeting attended by six out of the seven members is a valid meeting, and its action in accepting the resignation of five members and electing five others in their place, is legal.

2. In such case, it is immaterial that the notices were served on Sunday, inasmuch as the members, by their attendance, waived any irregularities in the notice.

3. After such meeting, a petition of taxpayers to the common pleas asking for the removal of the entire old board cannot be entertained, inasmuch as five directors had regularly resigned as members of the board and their successors had been chosen and qualified.

4. In such case, as the directors had the legal right to act as they did, their motive in so doing is not the subject of legitimate inquiry.

5. Not determined whether section 217 of the School Code of 1911, violates article VI, section 4, of the Constitution, relating to the removal of public officers.

Argued September 30, 1925.   Appeal, No. 123, March T., 1925, by E. Newton Newcomb et al., school directors, from order of C. P. Fayette Co., Dec. T., 1924, No.. 430, removing school directors, in re Petition of Sundry Resident Taxpayers for the Removal of the Board of School Directors of Redstone Twp. School District.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Reversed.

Petition to remove school directors.   Before REP-PERT, J.

The opinion of the Supreme Court states the facts.

The court removed E. Newton Newcomer et al., respondents, who appealed.

*Error assigned* was, inter alia, order, quoting bill of exception.

*H. S. Dumbauld,* with him *Joseph J. Baer, Arthur L. Byrne* and *Harry W. Byrne,* for appellants.—The only

object of notice is that directors have an opportunity of being present at the meeting and taking part in its proceedings. It is very evident that a special meeting will be valid and its acts binding when all of the directors are present and participate: Hebb v. Coke Drawing Co., 57 Pitts. L. J. 630.

No case has been found where the court has sought to assume jurisdiction of citizens who had actually completed the duties of their office and whose successors had taken on themselves the burden of such official position.

Section 217 of the Act of May 18, 1911, P. L. 309, is unconstitutional: Com. ex rel. v. Hoyt, 254 Pa. 45; Bowman's Case, 225 Pa. 364; Houseman v. Com., 100 Pa. 222; Richey v. Phila., 37 Pa. Superior Ct. 190.

*Dean D. Sturgis,* with him *W. J. Sturgis* and *W. F. Lane,* for appellees.—For seventy years we have had on the statute book a law empowering courts to remove school directors and during the last fifty years the Constitution of 1874, article VI, section 4, has been in force: Com. v. Reid, 265 Pa. 328; Likin's Petition, 223 Pa. 456; Com. v. McCombs, 56 Pa. 436; Com. v. Weir, 165 Pa. 284; Com. v. Moir, 199 Pa. 534; Bloomsburg School Directors' App., 121 Pa. 293; Kittanning Twp. School Directors, 179 Pa. 60; Summit Hill School Directors, 258 Pa. 575; Murray's Petition, 262 Pa. 188.

Aside from the bad faith of the meeting and its conflict with public policy, it was in law wholly illegal: Mercantile Library Hall v. Pittsburgh Assn., 173 Pa. 30; Rheem v. Bank, 76 Pa. 132.

Bodies, such as school directors, road supervisors and like administrative boards cannot legally act as individuals, but must act jointly at a meeting duly convened: Mitchell v. Kearnes, 16 Pa. Superior Ct. 357; Pike County v. Rowland, 94 Pa. 238; Union Twp. v. Gibboney, 94 Pa. 534; Nason v. Poor Directors, 126 Pa. 445; Butler v. School Dist., 149 Pa. 351; American R. Machine Co. v. Twp., 9 Pa. Superior Ct. 105.

OPINION BY MR. JUSTICE SADLER, November 23, 1925:

The School District of Redstone in Fayette County is of the third class, and was under the management of duly elected directors on October 11, 1924. Prior thereto, it became known that the auditors had prepared a report surcharging the individual members of the board with a large sum of money, though the same was not filed at that time, and, at least as early as the 12th, some, if not all, of the directors learned that a petition was in course of preparation asking the court of common pleas to remove those alleged to be in default. On October 14th, such an application was presented, and a rule granted to show cause why the old officers should not be displaced by others to be appointed. Before this, some of the directors had discussed the situation, and determined to withdraw from office. The president, at the request in writing of three members, dated October 10th, called a special meeting for Monday, October 13, 1924. The notice set forth that it was to be held "for general purposes," using the words of the School Code as found in section 309 (Act May 18, 1911, article III, P. L. 325), and a copy was served on each member on Sunday.

The evidence before us clearly shows actual knowledge on the part of all that the question of resignations was the matter for consideration,—with the possible exception of Capuzzi, who was, however, present at the meeting,—and they presumably knew that vacancies would occur as a result, and that the duty of filling the same was fixed, at least for thirty days, upon the directors remaining in service. Kirk was the only one who did not attend the meeting, and he states that it was not because of lack of sufficient information as to the action proposed. He was first notified on Sunday, but talked the matter over the following morning with another director, who advised that his presence was not absolutely necessary, and that he could carry out another engagement previously arranged for the same hour. The entire board assembled at the time and place fixed, with the

exception of the one, as noted. Five of the directors in turn presented their resignations, and as each was accepted another person was chosen in his place and duly qualified, a course of procedure recognized as appropriate by the School Code (section 215). Capuzzi was present, though not voting, but in each case a quorum of the whole number of the directors acted.

The petition of taxpayers presented to the court asked for the removal of the entire old board, as provided for in the applicable part of the code (section 217). Various delinquencies in the matter of handling funds, authorizing indebtedness, and the letting of contracts without competitive bidding, were charged, which the trial judge subsequently found to be substantiated. If the court acquired jurisdiction to dispose of the contention, its action should be sustained: Summit Hill School Directors, 258 Pa. 575; Murray's Petition, 262 Pa. 188. The five demoted respondents claimed, in their answer to the rule, and persisted thereafter in the contention, that the court was without power to dismiss them from service, since they had regularly resigned as members of the board, and their successors had been chosen and qualified. It was further urged that the section of the act on which the proceeding was based is in conflict with article VI, section 4, of the Constitution of Pennsylvania, which expressly designates the manner of removal of elected officers. Both of these legal objections were overruled by the court below, an order of dismissal was entered, and new directors were appointed as substitutes for those deprived of their office. The matter comes here on appeal from the decree entered.

The first question for our consideration is the right of the court to dispose of the controversy, in view of the resignation of the five directors prior to the date when the petition for their removal was presented. If at that time they had ceased to be members of the board, and had withdrawn therefrom in a legally permissible manner, then a proceeding to remove them from office was with-

cut warrant. This makes necessary a review of the rights of the directors under circumstances such as here appear. It will be noticed that the School Code distinguishes between general and special meetings. The latter, with which class we are now concerned, may be called for "general purposes," but reasonable notice must be given of the time and place of holding (School Code, section 310). "When a meeting of directors is notified without specification of the particular purpose, it would naturally be understood that it was called to consider any matters pertaining to the conduct of the affairs of the corporation which might come before it": 2 Thompson on Corp., section 1141. Without question, there was actual knowledge here on the part of all the directors that the purpose was to consider the proposed resignations. An examination of the decisions involving the actions of other municipal or private corporations indicates the rules to be applied in determining whether it has been properly called, and the acts that can then be performed.

Actual notice of a special meeting of a corporation must be given to everyone in interest, though it will be observed that the requirements are more strict in the case of the convocation of stockholders than of directors: Thompson on Corp., section 1131; 14 C. J. 892. Notice must be reasonable, so that the one advised may have an opportunity to attend, if so desiring, and all of the directors must be informed: Mercantile Library Hall Co. v. Library Assn., 173 Pa. 30; Gordon v. Preston, 1 Watts 385. "In the absence of statutory or other prescribed methods, the meeting need not be assembled in any particular mode; it will be sufficient if the directors are properly or personally notified that the meeting will be held": 2 Thompson on Corp., section 1139. It is necessary that the purpose of the meeting be disclosed, either by the writing or orally, so that none may be deceived as to the matter to be considered, and if the notice is misleading (Mercantile Library Hall Co. v.

Library Assn., supra), the by-laws not complied with (Bagley v. Reno Oil Co., 201 Pa. 78; Hebb v. Hebb Coke Drawer Co., 57 Pitts. L. J. 625), or if some directors are not served, or given notice, the act performed is not sustainable: Com. v. Cullen, 13 Pa. 133; Kersey Oil Co. v. R. R. Co., 5 W. N. C. 144.

There may be a waiver of notice, even if it is required by statute: Scranton Axle Co. v. Scranton Board of Trade, 271 Pa. 6; Larkin v. Maclellan (Md.), 118 Atl. 181. Though none be given, if all of those entitled thereto meet and proceed, their action cannot be impeached for informality in the manner of summons: 7 R. C. L. 441. When the directors appear, there is a surrender of the right to object to defects, either as to the manner of service or the contents of the announcement (14 C. J. 889, 893), and this is so though the one dissenting from the action is present by mere accident: Stobo v. Davis Provision Co., 54 Ill. App. 440; Paducah & I. Ferry Co. v. Robertson, 161 Ky. 485, 171 S. W. 171. Nor will the proceedings be rendered invalid because a director leaves before the special matter is considered (Ney v. Eastern Iowa Tel. Co. (Iowa), 171 N. W. 26), or remains, but casts no ballot: 2 Dillon on Municipal Corp. 527. " 'It should constantly be kept in mind that no matter where the meeting is held, or how defectively the members are notified, the proceedings will bind all who appear at the meeting and participate in it without dissent': 10 Cyc. 366. And to this we may properly add that where such a meeting is attended by only a majority of the board, if the proceedings are participated in by such majority and they concur in the action taken, the proceedings will, in that event, be as legal and binding for all purposes as if all members of the board of directors had been notified thereof": Paducah & I. Ferry Co. v. Robertson, supra, p. 175. So, even if absent, a director, who later accepts the benefits of the action taken, will be presumed to have relinquished his right

to raise objection to the correctness of the notice given: Vrooman v. Lumber Co., 215 Pa. 75.

The rules applying as to waiver, make unnecessary a discussion of the effect of the service on Sunday, though the notice was written previously. Reference may be made to decisions of other states in which a similar objection was considered: Flynn v. Columbus Club, 21 R. I. 534, 45 Atl. 551; People v. Benevolent Society, 65 Barb. (N. Y.) 357; 14 C. J. 887. Whether a different determination should be reached under the terms of our Act of 1794 becomes immaterial, however, in the present case, since all of the directors did attend, except Kirk, who was again orally advised of the meeting on Monday by West, and whose absence was not due to any informality in the notification, or its manner of service. It was not necessary that all of the members be present to make valid the action taken. A quorum was all that was required under the circumstances appearing: 2 Dillon on Municipal Corp., section 523; 2 Thompson on Corp., section 1141; 3 Fletcher on Corp., 3059, 3061. "If all have notice [or waive it], two [out of three] shall form the board, and their acts bind the absent [one] as if it were a stated or adjourned meeting": Pike County v. Rowland, 94 Pa. 238, 247.

If the special meeting is to be approved as legal, then the directors had the right to resign, and successors could be chosen in the manner provided by the School Code (section 215). It will be observed that the procedure designated was followed here. The withdrawal could be either oral or in writing (Kisner's Est., 254 Pa. 597), and was a matter within the will of the officer: 7 R. C. L. 427; 2 Thompson on Corp., section 1080; 3 Fletcher on Corp. 3002. This is true, though by-laws provide for the continuance of service until a successor is qualified: Western P. & Mfg. Co. v. American M. Shoe Co. (Wis.), 185 N. W. 535; note 20 A. L. R. 267. A formal acceptance is not requisite to its validity, though such action was taken in the present instance.

The further suggestion is made that the withdrawal here was in bad faith, and intended solely to prevent interference by the court of common pleas. Had the application to remove been actually pending, there would be force in the argument, for if made fraudulently, to prevent the continuance of some instituted litigation, it would be treated as ineffective (Inventions Corp. v. Hobbs, 244 Fed. R. 430), but the question of motive will not ordinarily be inquired into: Scott v. Pittsburgh, 266 Pa. 52; Waln v. Phila., 99 Pa. 330; Stobo v. Davis Provision Co., supra; 10 Fletcher on Corp., 325. "There is no charge of fraud against any of the directors. And, if the board of directors had the power to adopt the resolution, the motive of its members in doing so is not a legitimate question for discussion. The courts are concerned with the rights of parties to act, not with the motives which induced them to act. If the legality of the act of a director of a corporation depended upon the motive which actuated him, every act of the directory might be questioned, and its validity would depend, not upon the rights of the parties under the law, but upon the ethical reasons which have induced the directors to exercise their legitimate powers": Haldeman v. Haldeman, 176 Ky. 635, 197 S. W. 376, 379. Here, the jurisdiction of the court had not attached when the directors withdrew. Their action could have no effect on their civil liability arising from misfeasance in office, nor were they relieved from the possibility of criminal prosecution if their acts justified such procedure: 3 Fletcher on Corp., 3006; Com. v. Coyle, 160 Pa. 36. It was to the interest of the school district that the official connection of the directors be severed, in view of the fact that large surcharges had been made against them, and the necessity that others, not personally interested, should act as defenders of the rights of the municipality in the litigation which was expected to follow.

In view of the decision that the resignations of the directors were valid, it must be held that the court was without jurisdiction to subsequently entertain a proceeding to remove them, and the objections of the respondents to the course pursued are sustained.

The second reason urged, that section 217 of the code is in violation of article VI, section 4, of the Constitution, which provides a manner for the removal of elected officers, does not require consideration in this case, as the removal proceeding was without authority for the reasons set forth.

The order and decree is reversed; the costs to be paid by the school district.