From Wm. F. Schutte, Beaver, Pa.

---

## Wells Township School Directors.

*School law—Directors—Filling of vacancies in school board—School Code —Act of May 18, 1911, P. L. 309.*

1. Where a board of school directors consists of five members and there are two vacancies, two members in the absence of the third have not authority to meet and fill one of the vacancies.

2. Section 308 of the School Code must be construed as meaning that a quorum shall consist of the majority of the whole board, and not a majority merely of the qualified members.

3. The action of the two members in filling a vacancy when three members were in existence was not justified by section 214 of the Code, which provides that "the remaining members of the board of school directors shall, by a majority vote thereof, fill such vacancy within thirty days thereafter."

4. The appointment to fill vacancies is the transaction of "business" within the meaning of section 308 of the Code.

Appointment of two directors in the Wells Township School District. C. P. Bradford Co., Dec. T., 1927, No. 182.

*R. A. Mercur,* for petitioners.

*H. K. Mitchell, David J. Fanning* and *Lilley & Wilson,* for respondents.

CULVER, P. J., Nov. 27, 1927.—This proceeding is an application by more than ten resident taxpayers of the School District of Wells Township, asking this court to appoint two school directors to fill the vacancies in the school board of said district caused by the resignation of Levi E. Coke and S J. Young. No question has been raised to the court's jurisdiction in the matter, and all parties concede that the court has jurisdiction in the matter and have

joined in a request that it be disposed of by the court without unnecessary delay.

On Sept. 12, 1927, the School Board of the Wells Township School District consisted of five members, and on that day two members resigned, leaving three fully qualified members of the board, and neither of said vacancies was filled at that meeting.

Oct. 1, 1927, was a regular meeting day for said school board, and at that meeting but two of the three directors attended; the third director, G. W. Luckey, who was vice-president of such board, did not attend. The other two directors, R. E. Brewer and S. J. Brasted, were the only directors attending such meeting, and they at such meeting appointed one N. E. Benson as a director to fill the vacancy caused by the resignation of said S. J. Young.

On Oct. 12, 1927, at a special meeting, which we shall treat as regularly and lawfully called, and of which the vice-president, G. W. Luckey, had legal notice, was held with R. E. Brewer, S. J. Brasted and the said N. E. Benson present, the said G. W. Luckey, vice-president, being absent from such meeting, and at this meeting with the three mentioned present and acting, one G. W. Ayers was appointed a school director to fill the vacancy caused by the said resignation of said Levi E. Coke.

All parties to this proceeding concede and agree that the only question for this court to determine is whether or not the appointment by two members of the school board at a regular meeting attended only by two members, when three members were in existence, of N. E. Benson was valid, it being conceded by all that if his appointment as school director was a nullity, then the subsequent appointment of G. W. Ayers was likewise a nullity.

The solution to the question involved depends upon the interpretation to be given of the School Code, and, in our opinion, the important sections are those reading as follows:

(a) Section 205. "In each school district of the fourth class, there shall be five (5) school directors elected at large at the municipal election held in November, etc."

(b) Section 308. "A majority of the members of a board of school directors shall be a quorum. If less than a majority is present at any meeting, no business shall be transacted at such meeting, but the members present may adjourn to some stated time: Provided, however, that if there shall be a minority of the board present, because a majority of the seats are vacant, then in such case the minority members at any such meeting may fill vacancies in the manner provided in this act."

(c) Section 214. "In case any vacancy shall occur in any board of school directors in any school district of this Commonwealth by reason of death, resignation, removal from the district or otherwise, such vacancy shall, in a school district of the first class, be filled for the unexpired term by the Court of Common Pleas of the county in which such school district is situated; and in a school district of the second, third and fourth classes, the remaining members of the board of school directors shall, by a majority vote thereof, fill such vacancy within thirty (30) days thereafter. In a district of the second, third or fourth class, the person selected to fill such vacancy shall hold his office, if the term thereof so long continues, until the first Monday of December after the first municipal election occurring more than thirty (30) days after his appointment; at which election an eligible person shall be elected for the remainder of the unexpired term: Provided, that if, by reason of a tie vote or otherwise, such vacancy shall not have been filled by the board of school directors as is herein provided within thirty (30) days after such

vacancy shall have occurred, the Court of Common Pleas of the proper county, upon the petition of ten or more resident taxpayers, shall fill such vacancy by the appointment of a suitable person for the unexpired term."

(d) Section 215. "In case vacancies should occur whereby the offices of a majority of the members of any board of school directors, other than board of school directors of a school district of the first class, should become vacant, the remaining members shall fill such vacancies one at a time, giving the new appointee such reasonable notice of his appointment as to enable him to meet and act with the then qualified members of the board in making further appointments, until a majority of the board has been secured, when the said majority shall fill the remaining vacancies at a meeting attended by the majority of said board, such appointees to receive a majority of the votes of the members present at any such meeting. The persons selected to fill such vacancies shall hold their offices, if the terms thereof continue so long, until the first Monday in December after the first municipal election occurring more than thirty (30) days after their appointment, at which election eligible persons shall be elected to fill the unexpired terms."

We mention and quote the above-mentioned section 215 because it appears to provide the procedure followed by the two members of the school board at the regular meeting Oct. 1st, in appointing N. E. Benson a school director, but we believe it has no application under the facts in this case, for the reason that it provides the procedure to be followed "in case vacancies should occur whereby the offices of a *majority* of the members of any board of school directors, other than board of school directors of a school district of the first class, should become vacant;" and it is agreed by all parties that vacancies in the offices of a majority of the members of this school board did not exist; therefore, we think this section has no application. If the acts of the two school directors at the regular meeting Oct. 1st can be justified, it must be by virtue of section 214.

It is our judgment that such action cannot be justified under section 214, for the reason that a quorum of the school board was not present. The statute provides that this school board shall consist of five members. The smallest number forming a quorum would be three. There were three members legally elected and qualified and acting as school directors, and in order that any business could be legally transacted, it was necessary that these three be present at such meeting. Again adverting to section 308: "A majority of the members of a board of school directors shall be a quorum. If less than a majority is present at any meeting, *no business shall be transacted at such meeting*, but the members present may adjourn to some stated time: Provided, however, that if there shall be a *minority* of the board present, because a *majority* of the seats are vacant, then in such case the minority members at any such meeting may fill vacancies in the manner provided in this act."

Here we have an express legislative injunction that no business shall be transacted at any meeting unless a majority of the board be present, save only under conditions covered by the proviso, i. e., when a majority of the seats in the school board are vacant (which was not the case here), when the minority members may fill such vacancies in the manner provided by section 215.

Respondents in this case contend that section 308 must be construed as meaning that a quorum shall consist of a majority of the qualified members of the school board and not a majority of the whole board as declared by the statute. We cannot so construe this section. It seems clear to us that the legislative declaration is that a school board shall consist of five members,

and when the act refers to "a school board," it means a board of five members. If the construction contended for by respondents be correct, there is no necessity for the proviso in section 308, as in any case where there are but two members of a school board in existence, these two members would necessarily constitute a majority of the members and could, therefore, transact business. We think such contention is unfounded and that it is only when a majority of the entire board is present that business of any character can be transacted if a majority of the entire board is in existence.

Respondents further contend the action of the two members at the meeting of Oct. 1st is justified by section 214 by the following language: "The remaining members of the board of school directors shall, by a majority vote thereof, fill such vacancy within thirty days thereafter," contending that the language "by a majority vote thereof" means a majority vote of the three members and not of the entire board. We do not so construe this language. If the legislative intention had been that a majority vote of the remaining members should fill such vacancies, the word "thereof" would have been omitted and the section would have then read, "the remaining members of the board of school directors shall, by a majority vote, fill such vacancy within thirty days thereafter." We are of opinion that the word "thereof" refers back to the word "board" and means a majority vote of the board and not a majority vote of the remaining members; but be this as it may, it does not help respondents if our interpretation of section 308 be correct; because if the correct interpretation be that in this school district, where three qualified members existed, these vacancies could have been filled by a majority vote of the members, i. e., by the two members, we think such could only have been done at a meeting when the third director was present, because without the presence of the third director there was not a majority of the board, and, consequently, no quorum, and, therefore, no business could be legally transacted.

Respondents contend that the appointment to fill vacancies is not the transaction of "business" within the meaning of section 308. We believe it is. This position is strengthened by the proviso in section 308 which authorizes less than a quorum to transact such business of filling vacancies when a majority of the seats are vacant, but only then until a sufficient number of vacancies are filled to create a majority of the board, and so soon as such condition arises, the power of the minority to act alone ceases, and they can further act only when a majority or quorum is in session.

We have found no case, nor has our attention been called to any, construing this act of assembly in relation to the question now being considered, but many analogous cases have been cited, among them being Fisher v. Harrisburg Gas Co., 1 Pearson, 118, where it is held where the board of directors is fixed at a certain number, there must be a majority of that number present in order to constitute a quorum, even if the board is not full at the time, the court further saying: "What shall form a quorum is not changed by diminution in the numbers. If four were required to be present when six formed the board, the same number must be in attendance when there are but five directors; and should they be reduced to four, all must be met together to perform any valid act."

In Craig v. First Presbyterian Church, 88 Pa. 42, it is said: "It may be asked, however, what is meant by the majority? Does it mean the concurrence of the major part of those who happen to be present at a regular corporate meeting, or does it mean a concurrence of a majority of the whole body? There is this distinction between a corporate act to be done by a definite number of persons and one to be performed by an indefinite number.

In the first case, it is to be observed that a majority is necessary to constitute a quorum and that no act can be done unless a majority be present."

In Lemoyne Borough Councilmen, 15 Dist. R. 241, Mr. Justice Sadler wrote a very comprehensive opinion, citing many authorities sustaining the proposition that nothing less than a majority of the whole number of councilmen could constitute a quorum and that in a body of seven councilmen where two vacancies existed, leaving five qualified members, three of such members did not constitute a quorum.

We find nothing in Redstone Township School District, 284 Pa. 325, cited by respondents, in conflict with this position. In sustaining the legality of the action of the school board in that case, Mr. Justice Sadler, on page 329, significantly says: "Capuzzi was present, though not voting, but in each case a quorum of the whole number of the directors acted."

We have examined all the authorities cited by the respective parties and find none in conflict with the views we are expressing herein.

We are aware that the Department of Education at Harrisburg gave a different interpretation in the present case from ours, and we would be glad to follow its interpretation if we could do so, but, under all the facts as they are agreed upon in this case, we cannot.

Respondents have urged, with considerable earnestness, that such interpretation as we are giving the act makes it possible, in cases like the one at bar, for one director, by remaining away from the meetings, to prevent the filling of a vacancy within thirty days, thereby taking that privilege from the members of the school board to the Court of Common Pleas. This is apparently true, but, as we interpret the law, it is now our duty to do what the remaining board of school directors should have done, but failed. The law has wisely provided that where vacancies exist, the remaining members of the board may fill such vacancies, and in the event of vacancies in a majority of the seats of the school board, the remaining minority may fill the same to such extent that a majority of the whole board shall come into existence, thereby making it possible for a quorum to meet and act, and such majority may then fill the remaining vacancies if they act, for section 215 provides, even in such cases, that when a majority has been secured, "the said majority shall fill the remaining vacancies at a meeting attended *by the majority of said board,* such appointees to receive a majority of the votes of the members present at any such meeting." It seems, therefore, plain that even in cases in which vacancies in offices of a majority of the members of any board of school directors exist, no appointment to fill such vacancies can be made by the minority at a meeting of less than a majority, save only until a sufficient number of vacancies have been filled to constitute a majority of the board, when the remaining number shall be filled, as section 215 provides, "at a meeting attended by the majority of said board." In other words, even in such cases, so soon as a majority is brought into existence, a meeting for the filling of the remaining vacancies must be a meeting at which such majority is in attendance in order that a vote of the minority number may fill the remaining vacancies. In such cases, it is necessary that a majority of the members be present, but is not necessary that a majority of the members agree upon the appointee, as the provision in section 215 is: "When the said majority shall fill the remaining vacancies at a meeting attended by the majority of said board, such appointees to receive a majority of the votes of the members present at any such meeting." Here, again, the statute makes clear the distinction between "a majority of said board" and "a majority of the members present."

Wells Township School Directors.

We are of opinion that, under the agreed facts in this case, the action of two of the school directors of Wells Township School District at a regular meeting Oct. 1, 1927, at which but two members were present, when three members were in existence, was illegal, invalid and void.

We further find that more than thirty days have elapsed since the said two vacancies occurred in the said school district and that the School Board of Wells Township has failed to fill such vacancies.

We have had presented to us the petition of 174 resident taxpayers of Wells Township, asking for the appointment of two persons to fill the said two vacancies in the Board of School Directors in the Township of Wells.

The School District of Wells Township is a school district of the fourth class.

The term of S. J. Young, who resigned, will expire Dec. 1, 1927, and the term of Levi E. Coke, who resigned, will expire Dec. 1, 1931.

The petition presented, asking for the appointment of two school directors to fill the vacancies caused by the two resignations mentioned, does not suggest whom the petitioners desire appointed. Respondents urged at the argument of this case that the construction we are giving the act would take the naming of the school directors from the people of Wells Township School District and place it in the hands of the court. We are desirous of the people of this school district electing their school directors, and have examined the official election returns from that district, filed with the Clerk of the Court of Quarter Sessions of this county, for the election held Tuesday last, in which the electors of Wells Township voted for school directors, and we ascertain that Glenn Noble received 144 votes for a six-year term, and Henry Terwilliger received 148 votes for a four-year term, and A. D. Curren 88 votes for a six-year term, and William Queal received 78 votes for a six-year term, and Ray Brewer received 61 votes for a six-year term. Under the conditions existing in said school district, two directors for a full six-year term were to be elected, and had the appointment to fill the vacancy caused by the resignation of Levi E. Coke been a valid one, the appointee would have held until the first Monday of December, 1927, and the electors of the school district would have elected on Nov. 8, 1927, one director for a term of four years, and this they attempted to do, and Henry Terwilliger received a very large plurality for such term. We have, therefore, decided to appoint, as our appointment will be to fill the unexpired terms of the two directors who resigned, the men whom the electors elected for the same terms at the municipal election held Nov. 8, 1927, to wit, Glenn Noble to fill the vacancy caused by the resignation of S. J. Young, or until Dec. 1, 1927, and Henry Terwilliger to fill the vacancy caused by the resignation of Levi E. Coke, or until Dec. 1, 1931.

## Order.

And now, to wit, Nov. 27, 1927, after due and careful consideration, the court finds that the School District of Wells Township is a school district of the fourth class.

(a) That since Sept. 12, 1927, vacancies have existed in the offices of two school directors of said district.

(b) That the term in which one of said vacancies exist will expire Dec. 1, 1927, and the term in which the other vacancy exists will expire Dec. 1, 1931.

(c) That more than thirty days have elapsed since the happening of both said vacancies, and that the said vacancies have not been filled by the board of school directors of said district.

(d) That the action by the two school directors, S. J. Brasted and Ray Brewer, at the regular meeting Oct. 1, 1927, in endeavoring to appoint N. E. Benson a school director, was illegal, invalid and void, and also that the action of S. J. Brasted, Ray Brewer and N. E. Benson at the special meeting of Oct. 12, 1927, in endeavoring to appoint G. W. Ayers a school director, was likewise illegal, invalid and void.

The court hereby appoints Glenn Noble a school director of the School District of Wells Township to fill the vacancy caused by the resignation of S. J. Young for the term expiring Dec. 1, 1927, and the court appoints Henry Terwilliger a school director for the School District of Wells Township to fill the vacancy caused by the resignation of Levi E. Coke for the term expiring Dec. 1, 1931.