345 A.2d 174

**Rachel STONE, Appellant,**

**v.**

**AMERICAN LACQUER SOLVENTS COMPANY,**
**Appellee.**

Supreme Court of Pennsylvania

Argued June 23, 1975.

Decided Oct. 3, 1975.

418

Parke H. Ulrich, Fox, Differ, Callahan & Ulrich, Norristown, for appellant.

Lawrence E. MacElree, West Chester, for appellee; MacElree, Harvey, Gallagher & Kean, Ltd., West Chester, of counsel.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

This is an action in equity. After the pleadings were closed and the filing of depositions, both the plaintiff and the defendant filed a motion for summary judgment pursuant to Pennsylvania Rule of Civil Procedure No. 1035.[1] The trial court entered a decree granting the motion filed by the defendant. The plaintiff filed this appeal.

The following facts were uncontroverted in the trial court and formed the basis of that court's decree.

The plaintiff-appellant, Rachel Stone, is the widow of Harold E. Stone, deceased, who was the Chairman of the Board of Directors of defendant-appellee, the American Lacquer Solvents Company [American], a Pennsylvania corporation, on December 7, 1967, and continuously thereafter until his death on November 1, 1968. On December 7, 1967, the Board of Directors of American, in consideration for services rendered the company by Harold E. Stone, adopted a Resolution providing that in the event of Harold E. Stone's death prior to that of his wife (Rachel Stone), American was to pay an annual pension of $8000 to said wife until her death or remarriage. The

---

1. As to when a motion for summary judgment may be granted under Pa.R.Civ.P. 1035, and as to what facts may be considered in passing on such a motion, see *Phaff v. Gerner*, 451 Pa. 146, 303 A.2d 826 (1973).

Resolution further provided that it could not be revoked without Harold E. Stone's consent.

On March 2, 1968, Stone and his wife suffered a marital dispute while residing in Coral Gables, Florida. Following this Stone contacted his son-in-law Robert Shaw, President and General Manager of American, who was visiting in Florida at the time, and told him he wanted the Resolution providing a pension for his wife cancelled. Shaw contacted the company's counsel and, acting in accordance with his advice as to the procedure to be followed, prepared a letter from Stone to the Board of Directors of American saying, "It is my wish that the Resolution dated December 7, 1967 concerning a pension for my wife Rachel be rescinded." Stone signed and personally delivered the letter to Shaw on March 3rd.

On March 11, 1968, Shaw convened a special meeting of the Board of Directors of American. Five of the seven members of the board attended the meeting and when Stone's letter was brought to their attention, they voted unanimously to rescind the Resolution of December 7, 1967. Stone was not notified the meeting was to be held and did not attend.

Stone died on November 1, 1968, and when American refused to pay his widow, Rachel Stone, the pension provided for in the Resolution of December 7, 1967, she instituted this action seeking specific performance. The trial court ruled the Resolution, providing for the payment of the pension, had been validly rescinded by the Board at the meeting of March 11, 1968, and hence, the plaintiff had no cause of action. The correctness of this ruling is challenged by this appeal.

As a general rule the directors of a corporation may bind a corporation only when they act at a legal meeting of the board. W. Fletcher, Cyclopedia Corporations, Vol. 2, § 393 (rev. ed. 1969). If they purport to act at a meeting which is not a legal meeting, their action is

not that of the corporation, and the corporation, absent ratification or acquiescence, is not bound. *Twelfth Street Market Co. v. Jackson*, 102 Pa. 269 (1883).

As to special meetings of the board of directors of a corporation, the general rule in Pennsylvania is that such a meeting held without notice to some or any of the directors and in their absence is illegal, and action taken at such a meeting, although by a majority of the directors, is invalid absent ratification or estoppel. *Library Hall Co. v. Pittsburg Assn.*, 173 Pa. 30, 33 A. 744 (1896); *Pike County v. Rowland*, 94 Pa. 238 (1880). See also W. Fletcher, Cyclopedia Corporations, Vol. 2, § 406, pp. 254–258 (rev. ed. 1969).[2] However, this notice requirement may be waived by a director either prior or subsequent to the special meeting, provided such waiver is in writing. Act of May 5, 1933, P.L. 364, art. I, § 8, as amended by the Act of January 18, 1966, P.L. (1965) 1305, § 6, 15 P.S. 1008(B).[3] Additionally, any action which may properly be taken at a meeting of a board of

2. Moreover, the By-Laws of American specifically provided that each member of the Board of Directors be given written notice of the time and place of every meeting of the Board.

Section 4 of the By-Laws of American states:

"Written notice of the time and place of all meetings shall be given to each Director. Such notice shall be given by serving the Director personally on the day prior to the holding of the meeting or by mailing such notice two days prior to the meeting, addressed to the Director at such address as he shall have filed with the Secretary of the Corporation; and if no such address be filed, then addressed to the Director at Philadelphia, Pennsylvania."

However, despite the foregoing provision of Section 4 of the By-Laws of American, if each and every member of the Board of Directors had actual notice of the time and place of the meeting beforehand, the meeting of the Board of March 11, 1968, would be legal and the action of the Board binding, even though written notice had not been given. See *In re Redstone Township School District*, 284 Pa. 325, 131 A.2d 226 (1925).

3. Additional exceptions to the notice rule of special meetings have been recognized in Pennsylvania and other jurisdictions which have no application to the facts prevailing instantly. But see, W. Fletcher, Cyclopedia Corporations, Vol. 2, §§ 408, 410 (rev. ed. 1969).

directors of a corporation may be effected and is binding without a meeting, if a consent in writing setting forth the action so taken is signed by each and every member of the board and filed with the secretary of the corporation. Act of May 5, 1933, P.L. 364, art. IV, § 402, as amended, July 20, 1968, P.L. 459, No. 216, § 20, 15 P.S. § 1402(7) (Supp.1975–1976).

A reading of the trial court's opinion filed in support of its decree upholding the legality of the board's action of March 11, 1968, rescinding the Board's prior Resolution providing for the payment of the pension to the plaintiff was based on three grounds, any one of which, if correct, would warrant its ruling.

First, the court concluded that Stone's letter of March 3, 1968, constituted a consent to the Board's subsequent action rescinding the pension Resolution. The difficulty with this position is that the applicable statute [4] requires that such a consent be executed *after* the meeting and that it specifically set forth the action taken, and that it be filed with the secretary of the corporation. Stone's letter does not meet these requirements.

Secondly, the court concluded Stone's letter of March 3, 1968, constituted a waiver of receipt of notice of the meeting of March 11, 1968. The difficulty with this position is that the letter does not refer to the meeting or indicate in any way that notice thereof is waived. The letter amounts to no more than an expression of desire or consent to rescind the pension Resolution.

In connection with its conclusion that Stone's letter constituted a waiver of notice of the meeting, the court reasoned that no purpose would be served by Stone's presence at the meeting since the other Directors

4. See the Act of May 5, 1933, P.L. 364, art. IV, § 402, as amended, July 20, 1968, P.L. 459, § 20, 15 P.S. § 1402(7) (Supp.1975–1976), cited supra.

were merely acceding to Stone's wishes and request. This analysis overlooks the rationale for the salutory rule that all directors receive notice of special meetings. That rationale is that "each member of a corporate body has the right of consultation with the others, and has the right to be heard upon all questions considered, and it is presumed that if the absent members had been present they might have dissented, and their arguments might have convinced the majority of the unwisdom of their proposed action and thus have produced a different result." *Holcombe v. Trenton White City Co.*, 80 N.J.Eq. 122, 82 A. 618 (1912), aff'd, without opinion, 82 N.J.Eq. 364, 91 A. 1069 (1913). We agree with this rationale and, in view of the presumption embodied therein, we cannot concur in the trial court's premise that Stone and the other Directors were of one mind as regards the pension rescission. In relation to this, we specifically note that another member of the Board of Directors failed to attend the meeting of March 11, 1968, and there is nothing in the record to show if he received notice of the meeting, or ever consented to the action taken at the meeting.

Finally, the court concluded that the rescinding resolution of the Board was voidable only and that Stone's silence and failure to object thereto prior to his death amounted to a ratification. The difficulty with this position is that there is nothing in the record to show that Stone was ever made aware that the meeting of March 11, 1968, had been held or knew the rescinding resolution had been adopted by the Board. Under the circumstances, it cannot be said a ratification was effected.

■ Under the circumstances, the entry of a summary judgment in favor of the defendant was unwarranted.

The decree is, therefore, reversed, and the record is remanded for further proceedings. Cost on appellee.

POMEROY, J., filed a concurring opinion.

JONES, C. J., and NIX, J., concur in the result.

POMEROY, Justice (concurring).

The sparsely developed record before us fails to establish that decedent Stone had the requisite notice of the special board meeting of the board of directors here challenged, or that he received knowledge of the rescission of the pension arrangement for his wife which was approved at that meeting. Hence I am constrained to concur in the Court's conclusion that the meeting was not lawfully convened and that there is no evidence of a subsequent ratification by Stone of the action taken at the meeting. I further agree that Stone's letter requesting the rescission was not a consent to board action within the meaning of Section 1402(7) of the Business Corporation Law, 15 P.S. 1402(7) (Supp.1975).* Unlike the majority, however, I do not believe that the statute's application turns on the fact that the letter was signed prior to the special meeting. The purpose of Section 1402(7), as its language makes clear, is to permit a board of directors to act without the necessity of any meeting when all directors consent in writing to such action. Here, there has been no written consent signed by all the directors. It is this factor, not the timing of the execution of the writing, which takes the letter outside the scope of the statute. Accordingly, I concur in the result.

---

* This section provides:
"(7) Any action which may be taken at a meeting of the directors or the members of the executive or other committee may be taken *without a meeting*. If a consent or consents in writing setting forth the action so taken shall be signed by all of the directors or the members of the committee, as the case may be, and shall be filed with the secretary of the corporation." 15 P.S. 1402(7) (Emphasis added).