J-S02028-15

2015 PA Super 136

| | |
|---|---|
| SCOTT F. LINDE, SHAREHOLDER AND DIRECTOR OF LINDE ENTERPRISES, INC. AND JOHN PIEPOLI, DIRECTOR OF LINDE ENTERPRISES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| LINDE ENTERPRISES, INC., BARBARA LINDE, ERIC LINDE, AND GARY LINDE | |
| Appellees | No. 568 EDA 2014 |

Appeal from the Order Entered January 10, 2014
In the Court of Common Pleas of Wayne County
Civil Division at No(s): 18-CV-2013; 109-CV-2013

BEFORE:  MUNDY, OLSON and WECHT, JJ.

OPINION BY OLSON, J.:                          **FILED JUNE 09, 2015**

Appellants, Scott F. Linde, shareholder and director of Linde Enterprises, Inc., and John Piepoli, director of Linde Enterprises, Inc., appeal from the order entered on January 10, 2014.  The subject order denied Appellants' motions for partial summary judgment and granted the joint motion for summary judgment that was filed on behalf of Linde Enterprises, Inc., Barbara Linde, Eric Linde, and Gary Linde (hereinafter, collectively, "the Defendants").  We affirm.

On January 14, 2013, Appellants filed a "Complaint in Equity for a Declaratory Judgment and Injunctive Relief" against the Defendants at docket number 18-CV-2013.  Within the complaint, Appellants averred that: Linde Enterprises, Inc. (hereinafter "LEI") is a Pennsylvania corporation, with

its principal place of business in Wayne County, Pennsylvania; Scott Linde is "both [] a shareholder and director of [LEI];" and John Piepoli is "a member of the board of directors of [LEI]." Appellants' Complaint, 1/14/13, at ¶¶ 1-3. According to the complaint, on December 3, 2012, Barbara Linde, Eric Linde, and Scott Linde together owned 100% of the total, 735 shares that were issued by LEI. *Id.* at ¶ 7. On that date, LEI's 735 shares were owned as follows: Scott Linde owned 320 shares of LEI common stock; Barbara Linde owned 115 shares of LEI common stock; and, Eric Linde owned 300 shares of LEI common stock. *Id.*

Pursuant to LEI's bylaws, the annual LEI shareholders' meeting was to occur on the second Tuesday of March; special shareholders' meetings could be called "by ten [days'] notice given by the President or a majority of the outstanding shares." *Id.* at ¶ 10; LEI Bylaws, dated 2/7/97, at Art. III, ¶¶ 1-2;[1] *see also* 15 Pa.C.S.A. § 1704 (titled: "[p]lace and notice of

_____

[1] Article III, ¶¶ 1-2 of LEI's bylaws read in full:

> (1) Stockholders will meet annually on the second Tuesday of March and this meeting shall be the regular annual meeting at the registered office of the Corporation or at such other place or places as may from time to time be selected by the President of the Corporation.

> (2) Stockholders may meet specially upon being called by ten (10) days['] notice given by the President or a majority of the outstanding shares at the registered office of the Corporation or at such other place or places as may from time to time be selected by those authorized to call a special meeting.

*(Footnote Continued Next Page)*

- 2 -

meetings of shareholders;" declaring: "Notice in record form of every meeting of the shareholders shall be given by, or at the direction of, the secretary or other authorized person to each shareholder of record entitled to vote at the meeting at least: (1) ten days prior to the day named for a meeting that will consider a fundamental change . . . ; or (2) five days prior to the day named for the meeting in any other case"). Notwithstanding the bylaws and Pennsylvania's Business Corporation Law (hereinafter "BCL") notice statutes, Barbara and Eric Linde called a special meeting of LEI's shareholders without providing Scott Linde with any notice of the special meeting. Appellants' Complaint, 1/14/13, at ¶ 9.

On December 3, 2012, Barbara and Eric Linde attended the special shareholders' meeting; Scott Linde was absent. During this special meeting, Barbara and Eric Linde purported to adopt the following resolutions:[2]

> a) Scott [] Linde, an officer, director, employee and shareholder of the Corporation is hereby removed as an officer[,] director[,] and employee of the Corporation as a result of his fraudulent conduct with respect to the

_(Footnote Continued)_ ————————————

LEI Bylaws, dated 2/7/97, at Art. III, ¶¶ 1-2.

[2] We note that Barbara and Eric Linde's attendance at the December 3, 2012 special shareholders' meeting constituted a quorum under LEI's bylaws. **See** LEI Bylaws, dated 2/7/97, at Art. III, ¶ 4 ("[a] majority of the outstanding voting shares shall constitute a quorum and a majority of a quorum shall have full power to decide any question coming before the meeting, whether or not notice of such question is specifically given").

Corporation and the illegal use and abuse of the Corporation's assets;

b) Robert Hessling, an employee of the Corporation is hereby removed as an employee of the Corporation as a result of his fraudulent conduct with respect to the Corporation and the illegal use and abuse of the Corporation's assets; and

c) Barbara Linde is elected to serve as President and Secretary of the Corporation.

*Id.* at ¶ 8; *see also* Shareholder Resolution, 12/3/12, at 1.

Ten days later – on December 13, 2012 – LEI conducted a shareholders' meeting and a directors' meeting. Appellants admit that the requisite (and proper) ten-day notice of the shareholders' meeting was provided to all these shareholders prior to the December 13, 2012 meeting.[3] Appellants' Complaint, 1/14/13, at ¶ 24. Appellants also admit that Scott Linde attended the December 13, 2012 shareholders' meeting. Appellants' Answer to Joint Motion for Summary Judgment, 12/11/13, at 3. The

_____

[3] The Defendants claim that the December 13, 2012 meeting constituted the annual shareholders' meeting; Appellants claim that the December 13, 2012 meeting constituted a special shareholders' meeting. However, Appellants have not raised any claim that the notice was deficient for the December 13, 2012 meeting or that the subject matter of the meeting was inappropriate or inadequately disclosed. Thus, for purposes of this appeal, it matters not whether the December 13, 2012 shareholders' meeting was an annual or a special shareholders' meeting.

minutes from December 13, 2012 shareholders' meeting declare the following:[4]

> Meeting was called to order at 1:00 PM on December 13, 2012 by Barbara Linde. In attendance were Barbara Linde, Eric Linde and Scott Linde.
>
> . . .
>
> 1. Motion was made by Barbara Linde and seconded by Eric Linde to affirm the resolution for the special shareholders meeting on December 3, 2012. Voting for the motion was Barbara Linde and Eric Linde and voting against the motion was Scott Linde. Motion Passed.
>
> 2. Motion was made to elect the Board of Directors for the remaining calendar year 2012 and for 2013 or until the next annual meeting to be held. . . .
>
> Individual Ballots were distributed. The following four individuals were nominated to fill three positions on the Board of Directors: Eric Linde, Barbara Linde, Gary Linde and Scott Linde.
>
> Voting was as follows: 415 votes for Eric Linde; 415 votes for Barbara Linde and 415 votes for Gary Linde. Scott Linde received one vote for each director position.
>
> It was resolved that based upon the voting, the Board of Directors for the remaining calendar year 2012 and for 2013 or until the next annual meeting to be held shall consist of Eric Linde, Barbara Linde and Gary Linde. Motion passed.

---

[4] The December 13, 2012 shareholders' meeting minutes were amended on March 6, 2013.

December 13, 2012 LEI Shareholders' Meeting Minutes at 1 (internal italics omitted).

As Appellants' complaint claimed, all of the above actions were invalid, as Scott Linde was not given notice of the initial, December 3, 2012 special shareholders' meeting. Therefore, according to Appellants, the December 3, 2012 special shareholders' meeting was illegal and the resolutions passed during the December 3, 2012 shareholders' meeting were "null and void." Appellants' Complaint, 1/14/13, at ¶¶ 18 and 25-26. Further, Appellants claimed, since the resolutions were void, the resolutions could not have been ratified at the December 13, 2012 shareholders' meeting. *Id.* Appellants also claimed that "Scott [Linde] never gave his written consent to the [December 3, 2012 r]esolution . . . as required by [15 Pa.C.S.A. § 1766] and therefore the [r]esolution is void *ab initio*, for lack of written consent to the [r]esolution by <u>all</u> shareholders without a meeting." *Id.* at ¶ 16 (emphasis in original). Finally, Appellants claimed that the December 13, 2012 election of Eric and Gary Linde to the board of directors was invalid because "Scott Linde and John Piepoli were not removed from their position[s]" as directors of LEI and "there were no vacancies on the Board to which Eric Linde and Gary Linde could be elected." *Id.* at ¶¶ 25-26.

Appellants did not request monetary relief in their complaint. Rather, Appellants requested "a judicial determination that the actions of [LEI] and [d]efendants Barbara Linde and Eric Linde taken on December 3, 2012, be declared null and void . . . and that all actions taken by Barbara Linde, Eric

Linde and Gary Linde as the Board of Directors of [LEI] . . . be declared null and void." *Id.* at "Wherefore" Clause.

On January 31, 2013 – which was approximately two weeks after Appellants filed the above complaint – LEI's shareholders convened another special shareholders' meeting. The minutes from that special meeting reflect that Barbara and Eric Linde appeared at the meeting in person and that Scott Linde was represented at the meeting *via* proxy. January 31, 2013 LEI Shareholders' Meeting Minutes at 1.[5] In relevant part, the minutes from the January 31, 2013 meeting declare:

> The first order of business was the discharge of all currently serving directors, except for Barbara J. Linde and the election of new directors. The following individuals were nominated to serve with Barbara J. Linde as directors of the Corporation:
>
> Eric R. Linde
> Gary Linde
>
> Upon motion duly made, seconded and by a vote of 415 in favor and 320 against, it was,
>
> RESOLVED, all currently serving directors, except for Barbara J. Linde, are immediately discharged and the above-named individuals are elected as the directors of the Corporation to serve with Barbara J. Linde in accordance with the Bylaws until the next annual election of directors

---

[5] The minutes from the January 31, 2013 special shareholders' meeting were amended on March 4, 2013 "to clarify the resolution removing directors." January 31, 2013 LEI Shareholders' Meeting Minutes at 1.

> and until successors are duly-elected and have qualified or until earlier death, resignation or removal.
>
> The next order of business was ratification of prior transactions taken since December 13, 2012.
>
> Upon motion duly made, seconded and by a vote of 415 in favor and 320 against, it was,
>
> RESOLVED, that all resolutions, acts and proceedings of Barbara J. Linde, Gary Linde, and Eric R. Linde, acting as Officers and Directors of the Corporation, taken since December 13, 2012 to present be and hereby are approved, ratified, adopted and made the acts and deeds of the Corporation and any technical defects in any actions or meetings taken by these specific Directors and Officers of the Corporation since December 13, 2012 be and hereby are cured.

*Id.* at 2-3 (internal italics omitted).

On March 5, 2013, Scott Linde, Robert Hessling, and John Piepoli (hereinafter, collectively, "the Petitioners") filed a petition, entitled "Petition for Review of Contested Corporate Action Pursuant to 15 Pa.C.S.A. § 1793," at docket number 109-CV-2013.[6] The petition named LEI as the respondent. The petition requested that the trial court "determine that the following actions purportedly taken on behalf of [LEI] are legally invalid:"

> (a) The December 3, 2012 special shareholders meeting;
>
> (b) The December 3, 2012 Resolution arising from the December 3, 2012 special shareholders meeting and any

---

[6] 15 Pa.C.S.A. § 1793(a) declares: "[u]pon application of any person aggrieved by any corporate action, the court may hear and determine the validity of the corporate action." 15 Pa.C.S.A. § 1793(a).

actions directed or authorized thereby (including but not limited to the removal of Scott F. Linde as a director, officer and employee of [LEI] . . . and the election of Barbara J. Linde as President/Secretary of [LEI]);

. . .

(d) The December 13, 2012 [shareholders' meeting] and any actions taken at, or authorized by a vote taken at, said meeting (including the purported election of a new director);

(e) The December 13, 2012 board of directors meeting and any actions taken at, or authorized by a vote taken at, said meeting (including the election of Barbara J. Linde as President, Gary Linde as Vice President, and Eric R. Linde as Secretary/Treasurer of [LEI]);

. . .

(h) The January 31, 2013 removal of "all currently serving directors";

(i) The January 31, 2013 special board of directors meeting and any actions taken at, or authorized by a vote taken at, said meeting (including the ratification of actions by Barbara J. Linde, Eric R. Linde and Gary Linde between December 13, 2012 – January 31, 2013, . . . and the election of Barbara J. Linde as President, Gary Linde as Vice President, and Eric R. Linde as Secretary/Treasurer of [LEI]).

Petition for Review of Contested Corporate Action, 3/5/13, at 18-20.

By order entered August 20, 2013, the trial court consolidated the actions at docket numbers 18-CV-2013 and 109-CV-2013. Trial Court Order, 8/20/13, at 1-2.

On November 4, 2013, the Defendants filed a joint motion for summary judgment, wherein they requested that the trial court dismiss all claims that were contained in Appellants' complaint and in the Petitioners'

petition. According to the Defendants, it was uncontradicted that "[a]ll shareholders, including Scott Linde, were in attendance at the December 13, 2012 [shareholders'] meeting." The Defendants' Joint Motion for Summary Judgment, 11/4/13, at 4. The Defendants also claimed that it was uncontradicted that, during the December 13, 2012 shareholders' meeting, the shareholders passed a motion "affirming/ratifying the resolution adopted at the [December 3, 2012] shareholders['] meeting" and a motion "electing Eric Linde, Barbara Linde and Gary Linde to the Board of Directors." *Id.* The Defendants thus claimed that – even if notice of the December 3, 2012 special shareholders' meeting were defective – "the actions taken at the December 3, 2012 meeting were properly ratified/cured at the December 13, 2012 meeting and/or subsequent meetings." *Id.* at 6.

Appellants answered the Defendants' joint motion for summary judgment and admitted that: Scott Linde attended the December 13, 2012 shareholders' meeting; the minutes from the December 13, 2012 shareholders' meeting were true and correct; and, the above-described motions were "passed" during the December 13, 2012 shareholders' meeting. Appellants' Answer to Joint Motion for Summary Judgment, 12/11/13, at 3. However, Appellants denied that the December 13, 2012 resolutions had any legal effect or that the resolutions could have ratified or cured the illegal actions that were taken at the December 3, 2012 meeting. *Id.* at 4-5.

On November 14, 2013, Appellants filed a cross-motion for partial summary judgment on the claims contained in the complaint and, on November 25, 2013, the Petitioners filed a separate cross-motion for partial summary judgment on the claims contained in the petition. Attached to these motions for partial summary judgment was deposition testimony from both Barbara Linde and Eric Linde, wherein they admitted that Scott Linde was not provided with proper notice of the December 3, 2012 special shareholders' meeting. *See* Appellants' Motion for Partial Summary Judgment, 11/14/13, at 4, "Exhibit C," and "Exhibit D." Based upon these admissions, Appellants and the Petitioners claimed that the December 3, 2012 special shareholders' meeting was illegal, that the resolutions passed during the December 3, 2012 meeting were "null and void," and that, since the resolutions were void, the resolutions could not have been ratified at the December 13, 2012 shareholders' meeting. *Id.* at 6-8. The movants thus claimed that they were entitled to the relief that they requested in their complaint and petition.

The trial court heard oral argument on the cross-motions for summary judgment and, on January 10, 2014, the trial court entered an order granting the Defendants' joint motion for summary judgment and denying the motions for partial summary judgment that were filed on behalf of Appellants and the Petitioners. The trial court's order declares:

> 1. It is the declaration of the court that, although done without notice to Scott Linde and therefore improper, the action taken by Barbara Linde and Eric Linde at the

December 3, 2012 special shareholders meeting in removing Scott Linde as a director of [LEI] was ratified at the subsequent annual shareholders meeting on December 13, 2013 and/or at the subsequent January 31, 2013 special shareholders meeting.[fn.1]

[fn.1] "As to special meetings of the board of directors of a corporation, the general rule in Pennsylvania is that such a meeting held without notice to some or any of the directors and in their absence is illegal, and action taken at such a meeting, although by a majority of the directors, is invalid absent ratification or estoppel." *Stone v. Am. Lacquer Solvents Co.*, [345 A.2d 174 (Pa. 1975)].

2. It is the declaration of the court that Scott Linde was removed as a director of [LEI] as of December 3, 2012.[fn.2]

[fn.2] "[R]atification of an invalid Board decision has retroactive effect, making the ratified action valid as of the original decision date." *Koprowski v. Wistar Inst. of Anatomy & Biology*, 1993 WL 106466 (E.D.Pa. 1993).

3. It is the declaration of the court that John Piepoli was removed as a director from [LEI] on December 13, 2012.

4. It is the declaration of the court that, at the December 3, 2012 meeting, the action taken by Barbara Linde and Eric Linde in removing Scott Linde as an officer of [LEI] could not be ratified at the subsequent December 13, 2012 annual shareholders meeting because shareholders do not have the power to remove officers. However, Scott Linde was properly removed as an officer on December 13, 2012 at the board of directors meeting.[fn.3]

[fn.3] The January 31, 2013 board of directors meeting ratified/cured the actions taken at the December 13, 2012 . . . board of directors meeting.

5. It is the declaration of the court that Robert Hessling was not properly removed as an employee of [LEI] at the December 3, 2012 special shareholders meeting because

> employees are not subject to removal by shareholders or the board of directors.
>
> 6. Judgment is entered upon the above-stated declarations of the court.

Trial Court Order, 1/10/14, at 1-2 (some internal capitalization, emphasis, and footnotes omitted).

Appellants filed a timely notice of appeal and the trial court ordered Appellants to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).[7]  Trial Court Order, 2/7/14, at 1.  Appellants complied with the trial court's order. However, within Appellants' Rule 1925(b) statement, Appellants claimed only that the trial court erred when it determined that the shareholders had validly removed **Scott Linde** as a **director** of LEI and that the trial court erred when it determined that the removal of Scott Linde as a director was effective as of December 3, 2012.  Appellants' Rule 1925(b) Statement, 2/27/14, at 1-4.  Appellants raised no claim that the trial court erred when it determined that the shareholders had validly removed John Piepoli as a

---

[7] We note that the order granting summary judgment was entered under both consolidated case captions and the notice of appeal was filed at both consolidated cases.  **See** Pa.R.A.P. 341 cmt. (requiring separate notices of appeal when appealing final orders that terminate cases at separate dockets).

director or that Scott Linde was improperly removed as an officer of LEI.[8]

***See id.***

Appellants now raise the following claims to this Court:

1. Whether the trial court's determination that the actions taken by Barbara Linde and Eric Linde at their meeting of December 3, 2012, could be ratified and were therefore valid constitutes an error of law?

2. Whether the trial court's determination that Scott Linde was removed as director of [LEI], as of December 3, 2012 constitutes an error of law because Scott Linde had no role in the decisions of the December 3, 2012 meeting because it was conducted without his consent?

3. Whether the trial court erred as a matter of law in holding that ratification of an illegally conducted meeting can be accomplished simply by calling a subsequent meeting with proper notice?

Appellants' Brief at 6 (some internal capitalization omitted).

As this Court has stated:

Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a

---

[8] We note that Appellants' brief also requests that we provide relief for Robert Hessling. Appellants' Brief at 25. However, Robert Hessling did not file a notice of appeal from the underlying trial court order and it appears as though Robert Hessling was not aggrieved by the trial court's order.

matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

***Englert v. Fazio Mech. Serv.'s, Inc.***, 932 A.2d 122, 124 (Pa. Super. 2007) (internal citations omitted).

At the outset, we conclude that Appellants waived any claim that the trial court erred in determining that the shareholders had validly removed John Piepoli as a director of LEI, as the claim was not contained within Appellants' court-ordered Rule 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement . . . are waived"); ***Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005) (in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a [Rule 1925(b) statement]. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived") (internal quotations and citations omitted).

Appellants first claim that, since the December 3, 2012 special shareholders' meeting was conducted without notice to Scott Linde, the meeting was illegal and any resolution passed during the meeting – including the removal of Scott Linde as a director of LEI – was "null and void." Appellants' Brief at 23-25. Further, Appellants argue that the resolution passed on December 13, 2012 – to "affirm the resolution for the special shareholders meeting on December 3, 2012" – had no legal effect, since a void resolution cannot be ratified. ***Id.***

- 15 -

Appellants' claim fails, as the failure to give Scott Linde proper notice of the December 3, 2012 shareholders' meeting did not render the actions taken at the meeting "null and void."  Rather, the failure to provide Scott Linde with notice of the December 3, 2012 meeting rendered the December 3, 2012 resolutions **voidable**.  However, Appellants offered no evidence, argument, or claim that, prior to the ratification vote on December 13, 2012, Scott Linde (or another shareholder) elected to void the actions taken at the December 3, 2012 meeting.  Thus, the December 13, 2012 resolution – which was validly passed at the properly-noticed December 13, 2012 shareholders' meeting – ratified the resolutions that were passed at the improper December 3, 2012 shareholders' meeting, including the December 3, 2012 resolution removing Scott Linde as a director of LEI.  As such, the shareholders properly removed Scott Linde as a director of LEI.  We explain.

As stated above, Defendants admitted that they failed to provide Scott Linde with proper notice of the December 3, 2012 special shareholders' meeting and that Scott Linde did not attend the December 3, 2012 meeting.  Moreover, there is no question that the Defendants were required to provide Scott Linde with notice of the December 3, 2012 special shareholders' meeting.  Indeed, the LEI Bylaws declare that the "[s]tockholders may meet specially upon being called by ten [days'] notice given by the President or a majority of the outstanding shares."  LEI Bylaws, dated 2/7/97, at Art. III, ¶ 2.  Further, 15 Pa.C.S.A. § 1704 provides in relevant part:

- 16 -

(b) Notice.-- Notice in record form of every meeting of the shareholders **shall** be given by, or at the direction of, the secretary or other authorized person to each shareholder of record entitled to vote at the meeting at least:

(1) ten days prior to the day named for a meeting that will consider a fundamental change . . . ; or

(2) five days prior to the day named for the meeting in any other case.

(c) Contents.--In the case of a special meeting of shareholders, the notice **shall** specify the general nature of the business to be transacted, and in all cases the notice **shall** comply with the express requirements of this subpart.

15 Pa.C.S.A. § 1704 (emphasis added).

Contrariwise, Appellants admitted that Scott Linde was provided with proper notice of the December 13, 2012 shareholders' meeting and that Scott Linde attended the December 13, 2012 shareholders' meeting. Appellants' Answer to Joint Motion for Summary Judgment, 12/11/13, at 3. Further, Appellants admitted that, during the December 13, 2012 shareholders' meeting, the shareholders passed a resolution "affirming/ratifying the resolution adopted at the [December 3, 2012] shareholders['] meeting" – and that, amongst other things, the December 3, 2012 resolution declared that Scott Linde was removed as a director of LEI. *Id.* Appellants, however, claim that the failure to provide Scott Linde with notice of the December 3, 2012 special shareholders' meeting rendered the December 3, 2012 resolutions "null and void" and, thus, not subject to ratification. We disagree with Appellants.

The distinction between a "void" and a "voidable" action is of import to this case, as a void resolution has no legal effect whatsoever and, thus, cannot be ratified, whereas a voidable resolution is "valid until annulled." BLACK'S LAW DICTIONARY at 1604 (8ᵗʰ ed. 2004); *see also Aspinwall-Delafield Co. v. Borough of Aspinwall*, 77 A. 1098 (Pa. 1910) ("a court of equity cannot interpose to give a void contract, or any part of it, validity"). Here, while Appellants contend that the failure to provide a shareholder with notice of a special shareholders' meeting renders the actions taken at the meeting void, Appellants provided this Court with no legal precedent to support their claim. *See* Appellants' Brief at 19-31. Further, after considering the distinction between void and voidable actions, Pennsylvania's BCL, and precedent from both this Court and our Supreme Court, we conclude that the failure to provide Scott Linde with notice of the December 3, 2012 special shareholders' meeting caused the resolutions passed at that meeting to be voidable at the election of Scott Linde (or, possibly, another shareholder) – but not void.

As the Delaware Supreme Court succinctly explained, "[t]he essential distinction between voidable and void acts is that the former are those which may be found to have been performed in the interest of the corporation but beyond the authority of management, as distinguished from acts which are *ultra vires*, fraudulent or gifts or waste of corporate assets." *Michelson v.*

- 18 -

*Duncan*, 407 A.2d 211, 218-219 (Del. 1979);[9] *see also Bedell v. Oliver H. Bair Co.*, 158 A. 651, 653 (Pa. Super. 1932) ("[c]ontracts *ultra vires* of the corporation making them are not merely voidable but wholly void and of no effect") (internal quotations omitted); *Aspinwall-Delafield Co.*, 77 A. at 1098 ("[a] void contract is one which offends against public law or policy, or is without the scope of proper authority"); *Chambers v. Beaver-Advance Corp.*, 140 A.2d 808, 811 (Pa. 1958) ("[t]he general rule is well established that stockholders can ratify any action of the Board of Directors which they themselves could have lawfully authorized. The general rule is subject, however, to the limitation [that] the majority stockholder may not, as against the corporation and minority stockholder, dissipate or waste its funds, or fraudulently dispose of them in any way, either by ratifying the action of the board of directors in voting themselves illegal salaries or by any other act") (internal quotations, citations, and corrections omitted).

In the case at bar, Appellants simply argue that the failure to provide Scott Linde with notice of the December 3, 2012 special shareholders' meeting (and that failure alone) caused the December 3, 2012 resolution,

_____

[9] At issue in *Michelson* was whether the acts of the board of directors were void or voidable; therefore, the above-quoted principle in *Michelson* concerned whether the acts were "beyond the authority of management." *Michelson*, 407 A.2d at 218. However, the distinction between void and voidable acts that was recognized in *Michelson* is useful to guide our analysis as to whether the resolutions (or acts) of the shareholders here were void or voidable.

removing Scott Linde as a director of LEI, to be void. *See* Appellants' Brief at 19-25. In other words, Appellants provided this Court with no evidence, argument, or claim that the resolutions passed during the December 3, 2012 special shareholders' meeting were: beyond the authority of the stockholders;[10] *ultra vires*; fraudulent; gifts or waste of corporate assets; or, against public law or policy. Further, Appellants made no claim that the failure to provide Scott Linde with notice of the December 3, 2012 special shareholders' meeting was done with fraudulent intent or was otherwise intentional. *See id.* Therefore, the traditional distinction between void and voidable acts supports our conclusion that the failure to provide Scott Linde with notice of the December 3, 2012 special shareholders' meeting rendered the resolutions voidable, not void.

Section 1705 of the BCL also militates in favor of our conclusion that the failure to provide a shareholder with notice of a special shareholders' meeting renders the actions taken at the meeting voidable, but not void.

---

[10] The shareholders were the proper body to remove Scott Linde as a director of LEI. *See* 15 Pa.C.S.A. § 1726 ("[u]nless otherwise provided in a bylaw adopted by the shareholders, the entire board of directors, or a class of the board where the board is classified with respect to the power to select directors, or any individual director of a business corporation may be removed from office without assigning any cause by the vote of shareholders, or of the holders of a class or series of shares, entitled to elect directors, or the class of directors"); *see also* LEI Bylaws, dated 2/7/97, at Art. II, ¶¶ 1-4 (no bylaw provides that the board of LEI is classified or that the directors may only be removed for cause).

Section 1705 expressly provides that a shareholder is deemed to have waived defective notice where the shareholder attends a meeting and does not object to the inadequacy of the notice. 15 Pa.C.S.A. § 1705(b) ("[a]ttendance of a person at any meeting shall constitute a waiver of notice of the meeting except where a person attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting was not lawfully called or convened"). Therefore, since a shareholder may waive notice by attending a meeting and not objecting, one cannot say that the failure to provide a shareholder with notice of a meeting causes the actions taken at the meeting to be void *ab initio*.

Third, both this Court and our Supreme Court have consistently held that the failure to provide a director with the required notice of a special board meeting renders the actions taken at the meeting voidable – not void – and thus subject to ratification. **See Gordon v. Preston**, 1 Watts 385 (Pa. 1833) (holding that a corporation may ratify a mortgage executed by the directors at a special meeting convened without notice); **Moller v. Keystone Fibre Co.**, 41 A. 478, 478 (Pa. 1898) ("[t]he learned court below found as a fact that two of the five directors of the company did not have timely notice of the meeting at which the assignment was authorized, and held that on this ground it was voidable; but held also that, as no officer or stockholder of the company had made any objection to it, their acquiescence must be accepted as a ratification of it. . . . In this conclusion we concur.");

- 21 -

***McCay v. Luzerne & Carbon County Motor Transit Co.***, 189 A. 772, 774 (Pa. Super. 1937) ("it is well established that the proceedings of directors at an illegal or irregular meeting may be ratified at a subsequent legal meeting, or by the corporation's adopting the acts of its representatives"); ***Stone v. Am. Lacquer Solvents Co.***, 345 A.2d 174, 177 (Pa. 1975) ("[a]s to special meetings of the board of directors of a corporation, the general rule in Pennsylvania is that such a meeting held without notice to some or any of the directors and in their absence is illegal, and action taken at such a meeting, although by a majority of the directors, is invalid absent ratification or estoppel").

The BCL phrases the notice requirements similarly for special board meetings and special shareholders' meetings. ***See*** 15 Pa.C.S.A. § 1703(b) ("[u]nless otherwise provided in the bylaws, written notice of every special meeting of the board of directors **shall** be given to each director at least five days before the day named for the meeting") (emphasis added); 15 Pa.C.S.A. § 1704(b) ("Notice in record form of every meeting of the shareholders **shall** be given by, or at the direction of, the secretary or other authorized person to each shareholder of record entitled to vote at the meeting at least:  (1) ten days prior to the day named for a meeting that will consider a fundamental change . . . ; or (2) five days prior to the day named for the meeting in any other case") (emphasis added).  Thus, since the notice statutes are similar with respect to special board meetings and special shareholders' meetings, it is apparent that the failure to provide

- 22 -

proper notice of a special shareholders' meeting – as with the failure to provide proper notice of a special board meeting – causes the actions taken at the meeting to be voidable only.

Finally, in ***Fishkin v. Hi-Acres, Inc.***, our Supreme Court interpreted a notice statute that was similar to the one at bar. There, the Supreme Court held that the failure to provide a shareholder notice of a meeting – during which the majority shareholders resolved to sell the corporation's sole asset – caused the sale to be voidable, not void *ab initio*. ***Fishkin v. Hi-Acres, Inc.***, 341 A.2d 95 (Pa. 1975).

In the ***Fishkin*** case, the plaintiff was Abraham Fishkin, a minority shareholder and director of Hi-Acres, Inc. The majority shareholders of Hi-Acres were R.F. and Louise L. Zahorchak; the Zahorchaks were also directors of the corporation. ***Id.*** at 96. According to Fishkin's complaint, the Zahorchaks illegally agreed to alienate the corporation's sole asset to a third party, in violation of Section 311(b) of the BCL. At the time, Section 311(b) of the BCL declared:

> A sale, lease, or exchange of all, or substantially all, the property and assets . . . of a corporation, if made neither (1) in the usual and regular course of its business . . . may be made upon such terms and conditions and for such considerations . . . as may be authorized in the manner hereinafter provided in this subsection. The board of directors Shall adopt a resolution recommending such sale, lease or exchange, and directing the submission thereof, to a vote of the shareholders entitled to vote in respect thereof at a meeting which may be either an annual meeting of the shareholders or a special meeting of the shareholders entitled to vote . . . written notice stating that the purpose,

- 23 -

or one of the purposes, of such meeting is to consider the sale, lease, or exchange of all, or substantially all, the property and assets of the corporation, Shall be given to each shareholder of record . . . at least ten days prior to the date of the meeting, in the manner provided by this act.

*Fishkin*, 341 A.2d at 97, *quoting* 15 P.S. § 1311(b) (1975).[11]

As Fishkin claimed, the Zahorchaks agreed to sell the corporation's sole asset to a third party but, in doing so, the Zahorchaks failed to obtain director approval and, further, failed to provide Fishkin with "notice of the impending sale as required under [Section] 311." *Fishkin*, 341 A.2d at 96-97 and 96 n.3. Fishkin claimed that, since the legislature utilized the word "shall" in Section 311(b), "the procedures prescribed by [Section] 311 [subdivision] B [were] mandatory in nature and that, therefore, a transfer made in violation of the statutory requirements [was] illegal and void *ab initio*." *Id.* at 97. Our Supreme Court held otherwise.

As the *Fishkin* Court held, the word "shall" in the above-quoted statute was directory, but not mandatory;[12] therefore, the Supreme Court

_____

[11] The statute governing the voluntary transfer of corporate assets is now found at 15 Pa.C.S.A. § 1932.

[12] In explaining the distinction between directory and mandatory language, the *Fishkin* Court declared:

> To hold that a statutorily prescribed procedure is directory does not mean that it is optional; to be adhered to or not at will. **The distinction between a mandatory and a directory statute lies in the effect of noncompliance upon the transaction involved – not in the liability of the person who has violated the statute**. Failure to conform to a mandatory procedure renders the regulated

*(Footnote Continued Next Page)*

held, transactions accomplished in violation of the required procedure were voidable, but not void. In arriving at its conclusion, the **Fishkin** Court recognized the following principle of law:

> Except when relating to the time of doing something, statutory provisions containing the word "shall" are usually considered to be mandatory, but it is the intention of the legislature which governs, and this intent is to be ascertained from a consideration of the entire act, its nature, its object and the consequences that would result from construing it one way or the other.

*Id.*, *quoting* **Francis v. Corleto**, 211 A.2d 503, 509 (Pa. 1965) (internal quotations and some citations omitted).

In ascertaining the legislature's intent, the **Fishkin** Court held that the "object" and purpose of notice provisions such as that found in Section 311(b) "is to insure the freedom of the majority of shareholders to act in what they consider to be the best interests of the corporation while at the same time protecting the essential right of the minority stockholders to express their views and to preserve their rights as dissenters." **Fishkin**, 341 A.2d at 98. Given this object – and given that "no public interest of substance [would be] jeopardized by a transfer not in compliance with the statute" – our Supreme Court held:

*(Footnote Continued)* _____

> activity a nullity. Strict compliance with a directory provision, on the other hand, is not essential to the validity of the transaction or proceeding involved.

**Fishkin**, 341 A.2d at 98 n.5 (internal citations omitted) (emphasis added).

in enacting [Section] 311, [subdivision] B[,] the legislature [did not] intend[] that a transfer which is defective solely because it is violative of the requirements of this provision would be a nullity and of no effect. Properly construed, the word "shall" in [Section] 311, [subdivision] B **is directory only**, for it is sufficient to protect the rights of minority shareholders that a non-conforming transfer be deemed voidable (under proper circumstances) by an aggrieved stockholder, rather than void *ab initio*.

*Id.* (some internal capitalization omitted) (emphasis added).

*Fishkin* applies with full force to the case at bar. Here, the notice statute at issue is 15 Pa.C.S.A. § 1704, and, as was true with the statute interpreted in *Fishkin*, Section 1704 also utilizes the word "shall" to define the requirement of notice to the shareholders. 15 Pa.C.S.A. § 1704 ("[n]otice in record form of every meeting of the shareholders **shall** be given by, or at the direction of, the secretary or other authorized person to each shareholder of record entitled to vote at the meeting. . ."). Further, the notice statute at issue here has the same "object" and purpose as the statute interpreted in *Fishkin*: "to insure the freedom of the majority of shareholders to act in what they consider to be the best interests of the corporation while at the same time protecting the essential right of the minority stockholders to express their views and to preserve their rights as dissenters." *Fishkin*, 341 A.2d at 98. Moreover, as in *Fishkin*, "no public interest of substance [would be] jeopardized by [resolutions that were] not [passed] in compliance with" Section 1704. Therefore, consistent with *Fishkin*, we conclude that:

in enacting [15 Pa.C.S.A. § 1704] the legislature [did not] intend[] that a [resolution] which is defective solely because it is violative of the requirements of this provision would be a nullity and of no effect. Properly construed, the word "shall" in [Section 1704] is directory only, for it is sufficient to protect the rights of minority shareholders that a non-conforming [resolution] be deemed voidable (under proper circumstances) by an aggrieved stockholder, rather than void *ab initio*.

See **Fishkin**, 341 A.2d at 98.

We thus conclude that the December 3, 2012 resolution – removing Scott Linde as a director of LEI – was not void *ab initio*. Rather, we conclude that, since the December 3, 2012 special shareholders' meeting was conducted without notice to Scott Linde, the subject resolution was voidable at the election of Scott Linde (or, possibly, another shareholder).[13]

---

[13] In **Stone**, our Supreme Court explained that:

the rationale [for the BCL's requirement that all directors receive notice of a special board meeting] is that each member of a corporate body has the right of consultation with the others, and has the right to be heard upon all questions considered, and it is presumed that if the absent members had been present they might have dissented, and their arguments might have convinced the majority of the unwisdom of their proposed action and thus have produced a different result.

**Stone**, 345 A.2d at 178 (internal quotations and citations omitted).

In other words, the BCL's notice requirements are predicated upon the right of a director or a shareholder to consider and be heard on all questions considered, **as well as** the right of a director or a shareholder to consider and hear contrary opinions from other directors or shareholders. As such, it appears as though any individual in the body may elect to void an action that was taken at a meeting called with insufficient notice. This is because
*(Footnote Continued Next Page)*

However, Appellants presented no claim or argument that any individual sought to void the December 3, 2012 resolution prior to the properly-noticed December 13, 2012 shareholders' meeting or prior to the December 13, 2012 ratification vote. Therefore, the December 13, 2012 resolution – which was validly passed at the properly-noticed December 13, 2012 shareholders' meeting – ratified the resolutions that were passed at the improper December 3, 2012 shareholders' meeting, including the December 3, 2012 resolution removing Scott Linde as a director of LEI. In doing so, the shareholders properly removed Scott Linde as a director of LEI. Appellants' claim to the contrary thus fails.

Our holding today does not leave shareholders, like Scott Linde, without recourse when they are given inadequate notice of a shareholders' meeting. For example, after receiving notice of the December 13, 2012 shareholders' meeting, Scott Linde could have filed a complaint to enjoin the December 13, 2012 meeting and to declare that the December 3, 2012 resolutions were void at his election; Scott Linde could have also filed a declaratory judgment action prior to the December 13, 2012 meeting to void the December 3, 2012 resolutions. Further, we assume, without deciding, that Scott Linde could have attended the December 13, 2012 meeting and,

_(Footnote Continued)_ ──────────────

the properly-noticed shareholder or director might be deprived of the views and arguments of the insufficiently noticed or absent shareholder or director.

prior to the ratification vote, announced that he was exercising his right to declare the December 3, 2012 resolutions void, as he did not receive notice of the December 3, 2012 special shareholders' meeting.  However, Scott Linde undertook none of the above actions.  Rather, he attended the December 13, 2012 shareholders' meeting and voted against the **merits** of the December 13, 2012 resolution.  In doing so, he allowed the shareholders (as a body) to pass a resolution which "affirm[ed]/ratif[ied] the resolution adopted at the [December 3, 2012] shareholders['] meeting" – including the resolution that removed Scott Linde as a director of LEI.  The Defendants' Joint Motion for Summary Judgment, 11/4/13, at 4; Appellants' Answer to Joint Motion for Summary Judgment, 12/11/13, at 3.

For Appellants' second claim on appeal, Appellants contend that the December 3, 2012 resolutions were void because "Scott Linde did not consent to the . . . actions taken at [the December 3, 2012] meeting." According to Appellants, since Scott Linde did not consent to the actions taken at the December 3, 2012 shareholders' meeting, 15 Pa.C.S.A. § 1766(a) renders the December 3, 2012 actions "void *ab initio*." Appellants' Brief at 25-28.  This claim immediately fails, as 15 Pa.C.S.A. § 1766 is inapplicable to the case at bar.

15 Pa.C.S.A. § 1766 is entitled "[c]onsent of shareholders **in lieu of meeting**." 15 Pa.C.S.A. § 1766 (emphasis added).  Section 1766(a) provides:

> Unless otherwise restricted in the bylaws, any action required or permitted to be taken at a meeting of the shareholders . . . of a business corporation may be taken without a meeting if a consent or consents to the action in record form are signed, before, on or after the effective date of the action by all of the shareholders who would be entitled to vote at a meeting for such purpose. The consent or consents must be filed with the minutes of the proceedings of the shareholders.

15 Pa.C.S.A. § 1766(a).

Section 1766 thus allows the shareholders to act informally, if the shareholders unanimously consent to the action and comply with the requisite procedure. However, Section 1766 has no application to the case at bar, as the shareholders in this case passed a resolution during the properly-noticed December 13, 2012 shareholders' **meeting**. Therefore, since the shareholders passed the December 13, 2012 resolution formally, Section 1766 is inapposite and does not support Appellants' request for relief.

Finally, Appellants claim that "the trial court erred as a matter of law in holding that ratification of an illegally conducted meeting can be accomplished simply by calling a subsequent meeting with proper notice." Appellants' Brief at 28. However, we see no reason why a voidable shareholders' resolution may not be ratified at a subsequent, valid shareholders' meeting, where the shareholders were fully informed of what they are asked to ratify and where no action was taken to avoid the earlier

resolution.[14] ***See also Koprowski v. Wistar Inst. of Anatomy and Biology***, 1993 WL 106466 (E.D.Pa. 1993) (where the board voted to remove the plaintiff from office, but where the vote was ineffective because it was not done by "a majority of the whole number of board members as required by [the institute's] Second Deed of Trust," the board properly convened another meeting and properly voted to "adopt and ratify the resolutions passed by the [b]oard" at the earlier meeting); ***Lofland v. DiSabatino***, 1991 WL 138505 (Del. Ch. 1991) (holding that, "although the notice of the annual shareholders' meeting was defective, the election [of the directors at the meeting] was not void but voidable and [] the election was duly confirmed and ratified at a later meeting after proper notice").

Further, the only precedent that Appellants cite to support their argument actually supports the affirmance of the trial court's order. Indeed, Appellants argue that our Supreme Court's opinion in ***Stone*** supports their claim that "ratification of an illegally conducted meeting [cannot] be accomplished simply by calling a subsequent meeting with proper notice" because, in ***Stone***, our Supreme Court held:

> the rationale [for the BCL's requirement that all directors receive notice of a special board meeting] is that each member of a corporate body has the right of consultation

---

[14] Appellants have made no claim that, on December 13, 2012, the LEI shareholders were not fully informed of the resolution they were voting to ratify.

> with the others, and has the right to be heard upon all questions considered, and it is presumed that if the absent members had been present they might have dissented, and their arguments might have convinced the majority of the unwisdom of their proposed action and thus have produced a different result.

*Stone*, 345 A.2d at 178 (internal quotations and citations omitted).

Appellants do not develop their final argument on appeal or explain how the above quotation supports their claim. However, we again note that Appellants admit that Scott Linde received proper notice of the December 13, 2012 shareholders' meeting and that he attended the meeting. As such, during the December 13, 2012 meeting, Scott Linde had the opportunity to: consult with the other two shareholders of LEI; "be heard upon all questions considered;" and, convince the other two shareholders that they should not vote to ratify the December 3, 2012 resolution removing him as a director of LEI. *See Stone*, 345 A.2d at 178. Scott Linde was simply unable to convince his fellow shareholders of the alleged "unwisdom of their proposed action." *Id.*

The properly-noticed December 13, 2012 shareholders' meeting thus upheld and protected the considerations that were spoken of in *Stone*. Appellants' final claim on appeal – that "the trial court erred as a matter of law in holding that ratification of an illegally conducted meeting can be

accomplished simply by calling a subsequent meeting with proper notice" –
fails.[15]

      Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2015

---

[15] Within Appellants' Rule 2116 "statement of questions involved," Appellants did not raise any claim that the trial court erred when it held that the December 13, 2012 ratification was retroactively effective, making it so that Scott Linde's removal as a director was effective December 3, 2012.  As such, Appellants waived any such claim on appeal.  ***Southcentral Employment Corp. v. Birmingham Fire Ins. Co.***, 926 A.2d 977, 983 n.5 (holding that "issue[s] [] not explicitly raised in [the] statement of questions involved [are] . . . waived").  Moreover, we note that Appellants did not request monetary relief in their complaint and Appellants did not explain how they were harmed by the trial court's conclusion that Scott Linde's removal was effective on December 3, 2012.  Therefore, even if Appellants did not waive their claim, Appellants would not be entitled to relief on appeal.  ***See also*** 2A FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS § 782 ("[e]xcept as to intervening rights of strangers, ratification by a corporation of an unauthorized act or contract by its officers or others relates back to the time of the act or contract ratified, and is equivalent to original authority").