J-S57030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LUZ RIVERA AND ABRIANNA RIVERA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RONALD MANZI | |
| Appellee | No. 948 EDA 2015 |

Appeal from the Order Entered March 3, 2015
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2014-07070

BEFORE:  MUNDY, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 23, 2015**

Luz and Abrianna Rivera (Riveras) appeal from the order entered on March 3, 2015,[1] in the Court of Common Pleas of Bucks County, denying them leave to amend their complaint and granting summary judgment in favor of Ronald Manzi.  The Riveras claim the trial court erred (1) in determining adding a new count of negligent entrustment against Manzi was not allowable because the statute of limitations had expired, and (2) in granting summary judgment prior to discovery being taken and based upon

_____

[1] There were multiple orders signed by the trial court on March 3, 2015; two are relevant herein.  The motion for summary judgment addressed all the allegations in the complaint.  This order was docketed on March 4, 2015.  However, the motion for leave to amend the complaint was pending.  That motion was also signed on March 3, 2015, but was not docketed until March 6, 2015.  It is clear that the effect of both orders was to terminate all claims.  For ease of reference, we will treat the order granting summary judgment as the final order that made the denial of the motion to amend appealable.

incompetent evidence. Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm the denial of the motion to amend and reverse the grant of summary judgment. Accordingly, we remand this matter for further proceedings.

Because no discovery has been taken in this matter, the statement of facts is brief. Pursuant to the complaint, on October 14, 2012, Luz Rivera was operating her car and Abrianna Rivera was her passenger. While stopped on South Buckstown Road, Middletown, Pennsylvania, the Rivera car was struck from behind by a car driven by Ronald Manzi. Both plaintiffs claim to have suffered various spinal injuries; Luz Rivera also claimed to suffer from closed head trauma and headaches. All claims of negligence against Manzi arose from his alleged negligent operation of the car. The instant lawsuit was filed in Bucks County on October 9, 2014, less than one week prior to expiration of the statute of limitations.

On November 20, 2014, Manzi filed a timely answer, claiming in relevant part, that he was not the driver of the car at the time of the accident, rather his son, Christopher, was. On November 26, 2014, Manzi filed a motion for summary judgment claiming the Riveras had sued the wrong party and that the statute of limitations expired, leaving the complaint fatally flawed. Manzi attached a copy of a Middletown Township police report that identified Christopher Manzi as the driver of the Manzi vehicle. The report also listed Ronald Manzi as the owner of the car.

The Riveras responded by filing a motion to amend the complaint by adding a claim of negligent entrustment against Ronald Manzi. In the motion, the Riveras stated the identity of the driver of the Manzi car was at issue and the claim of negligent entrustment was raised as a claim in the alternative. The Riveras also opposed the motion for summary judgment arguing there was no evidence to support Ronald Manzi's assertion he was not the driver. The Riveras noted, "The copy of the [police accident] report shall not be admissible as evidence in any action for damages or criminal proceedings arising out of a motor vehicle accident." *See* 75 Pa.C.S. § 3751(b)(4). Accordingly, the police report identifying Christopher Manzi as the driver was inadmissible pursuant to statute and represented inadmissible hearsay. On March 3, 2014, without a hearing, by separate orders, the trial court granted Manzi's motion for summary judgment and denied the Riveras' motion for leave to amend. This timely appeal followed.

Initially we note, "[o]ur standard of review of a trial court's order denying a plaintiff leave to amend its complaint ... permits us to overturn the order only if the trial court erred as a matter of law or abused its discretion." *Schwartzwaelder v. Fox*, 895 A.2d 614, 621 (Pa. Super. 2006) (citation omitted).

Additionally,

Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is

established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Linde v. Linde Enterprises, Inc.*, 118 A.3d 422, 430 (Pa. Super. 2015) (citation omitted).

We now turn our attention to the denial of the motion for leave to amend the complaint. In general, "[l]eave to amend pleadings is to be liberally granted." *Chaney v. Meadville Medical Center*, 912 A.2d 300, 303 (Pa. Super. 2006).

However, an amendment introducing a new cause of action will not be permitted after the Statute of Limitations has run in favor of a defendant. Only if the proposed amendment merely amplifies, as opposed to altering, the cause of action already averred, will it be allowed if the statute of limitations has run.

*Id*. at 303-04.

Instantly, there is no dispute that the statute of limitations had run prior to the Riveras' attempt to amend the complaint. Therefore, we must determine whether the amendment sought to amplify or alter the complaint. "An amendment raises a new cause of action if it involves a different theory or basis of recovery, pleads a different relationship between the parties, or

required different proof." ***Shaffer v. Pennsylvania Assigned Claim Plan Ins. Co. of N. Am.***, 518 A.2d 1213, 1221 (Pa. Super. 1986).

> It is axiomatic that the elements of a negligence-based cause of action are a duty, a breach of that duty, a causal relationship between the breach and the resulting injury, and actual loss.

***Charlie v. Erie Ins. Exchange***, 100 A.3d 244, 250 (Pa. Super. 2014).

As originally pled, the Riveras claimed Manzi's negligent actions consisted of:

> A) Operating the Manzi vehicle in a negligent and careless manner;
>
> B) Failing to have the Manzi vehicle under proper and adequate control at the time and place aforesaid;
>
> C) Failing to give proper and sufficient approach of the Manzi vehicle;
>
> D) Operating the Manzi vehicle without due regard for the rights, safety and position of Luz Rivera herein at the time and place aforesaid;
>
> E) Failing to maintain a clear distance between the Manzi vehicle and the DeLuca [sic] vehicle; and
>
> F) Causing the Manzi vehicle to strike the Rivera vehicle.

Complaint, 10/14/2009, at ¶¶ 17, 19.

All of these claims of Manzi's negligence are based upon the ostensible fact that Ronald Manzi was operating the car when it was involved in the accident.

However,

Under the theory of negligent entrustment:

It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

... However, our cases do require that the entrustee be causally negligent before the entrustor may be held liable through negligent entrustment.

**Phillips v. Lock**, 86 A.3d 906, 913 (Pa. Super. 2014) (citation omitted).

It is clear that to prove negligent entrustment against Ronald Manzi would require entirely different proof from a claim that he operated the car negligently. In the instant matter, negligent entrustment would require proof that Christopher Manzi (the entrustee) was causally negligent in the manner Ronald Manzi was originally alleged to have been negligent. Further, the Riveras would be required to prove that Ronald Manzi (the entrustor) was negligent in a new manner, by failing to recognize his son should not have been allowed to drive the car.

Not only does the claim of negligent entrustment require different proof, but it also changes the relationship between the parties. In the original complaint, Manzi was alleged to have been directly negligent regarding the Riveras. In the proposed amended complaint, in the

alternative, Manzi was allegedly liable to the Riveras by negligently permitting his son to operate his car.[2]

Accordingly, the proposed amendment seeking to hold Manzi accountable through the theory of negligent entrustment represented an impermissible addition of a new cause of action past the expiration of the statute of limitations. The Riveras are not entitled to relief on this issue.

Next, the Riveras argue the trial court improperly granted summary judgment in favor of Manzi based upon the original cause of action that alleged Manzi was the operator of the car at the time of the accident. The Riveras claim summary judgment was premature in that there remained an open dispute of a material fact. That fact being the identity of the driver of the Manzi car.

In his answer to the complaint, Manzi claimed he was not the driver of the car at the relevant time; rather his son Christopher was driving. In the subsequent motion for summary judgment, filed before any discovery had been taken, Manzi included a copy of the Middletown Township Police Accident Report. *See* Motion for Summary Judgment, 11/26/2014, Exhibit C. This police report indicates that on October 14, 2012, Christopher Manzi was the operator of the blue Honda CRV owned by Ronald Manzi. The trial

_____

[2] The amended complaint did not abandon the original claim that Manzi was the driver of the car. The amended complaint added the allegations of negligent entrustment.

court apparently accepted this report as proof that Ronald Manzi was not the operator. In its Pa.R.A.P. 1925(a) opinion, without comment or explanation, the trial court merely noted that Ronald Manzi was not the operator of the car at the relevant time and therefore could have been negligent as alleged by the Riveras.

The police report would be compelling evidence of Ronald Manzi's non-involvement except that such reports are statutorily prohibited from being used as evidence. The relevant statute specifically states:

> The copy of the [police accident] report shall not be admissible as evidence in any action for damages or criminal proceedings arising out of a motor vehicle accident.

75 Pa.C.S. § 3751(b)(4).

Manzi cites no rule of law that permits a finder of fact to base judgment, summary or otherwise, upon inadmissible evidence. Accordingly, all that was before the trial court on the issue of Ronald Manzi's negligent operation of the car was the Riveras' allegation that Manzi was the operator and Manzi's denial. The simple denial of an allegation is not a proper basis for the grant of summary judgment. Rather, it has long been the law that,

> Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. Our scope of review is plenary. In reviewing a trial court's grant of summary judgment, we apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue

as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

*Criswell v. Atlantic Richfield Co.*, 115 A.3d 906, 908-09 (Pa. Super. 2015) (citation omitted).

Additionally,

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of a cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense.

*Id*. at 909.

While it is true that,

[a] non-moving party may not rely merely upon controverted allegations in the pleadings, but must set forth specific facts by way of affidavit, or in some other way as provided by Pa.R.C.P. 1035(b) [rescinded], demonstrating that a genuine issue exists

*Atkinson v. Haug*, 622 A.2d 983, 985 (Pa. Super. 1993), this rule[3] pre-supposes that the non-moving party has been given the opportunity to conduct discovery on the relevant issue. Here, the Riveras were afforded no such opportunity.[4]

Because there are no facts of record demonstrating who was driving the Manzi car at the time of the accident, summary judgment was premature and improper as a matter of law. Accordingly, the order granting summary judgment must be reversed and this matter remanded for further action.[5]

Order denying motion for leave to amend complaint is affirmed; order granting summary judgment in favor of Manzi is reversed. This matter is remanded for further action in accordance with this decision. Jurisdiction relinquished.

---

[3] Pa.R.C.P. 1035 was replaced in 1996 by Rules 1035.1-1035.6. In relevant part, the new rule is 1035.3(a)(1)-(2).

[4] Manzi claims the Riveras implicitly agreed that he was not the driver of the vehicle at the time of the accident by seeking to amend the complaint to add negligent entrustment. By implicitly agreeing that he was not the driver, Manzi argues discovery is unnecessary. This argument is unavailing because the motion to amend states "Plaintiff's proposed amended Complaint adds **alternative** allegations of negligent entrustment against Mr. Manzi." ***See*** Motion for Leave to Amend, 12/31/2014, at ¶ 7 (emphasis added).

[5] While it may seem unlikely the Riveras will prevail on the issue of who was driving, they must be given the opportunity to conduct discovery on the issue, if they so desire.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/23/2015