J-S43041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN REHAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LATOI THOMPSON | : | No. 260 WDA 2018 |

Appeal from the Order Dated January 18, 2018
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD-07-003697-004

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

JUDGMENT ORDER BY NICHOLS, J.: **FILED AUGUST 07, 2018**

*Pro se* Appellant John Rehak appeals from the trial court's order instructing him to pay a reasonable counsel fee to opposing counsel for Appellee Latoi Thompson. Appellant raises numerous claims on appeal, but he failed to timely comply with the court's order instructing him to comply with Pa.R.A.P. 1925(b). We affirm.

We need not restate the lengthy procedural and factual history of this matter. In short, Appellant timely appealed. On February 20, 2018, the trial court ordered Appellant to comply with Rule 1925(b) within twenty-one days—by March 13, 2018. Order, 2/20/18. The order complied with the requirements set forth in Rule 1925(b)(3). Appellant failed to comply. On March 23, 2018, the trial court filed its opinion stating that because Appellant

failed to timely file a Rule 1925(b) statement or a motion for extension of time to file one, he waived all issues.[1]

Rule 1925(b) states, in pertinent part:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.—**If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\* \* \*

(3) *Contents of order*.—The judge's order directing the filing and service of a Statement shall specify:

\* \* \*

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

(4) *Requirements; waiver*.

\* \* \*

(vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(3)(iv), (4)(vii).

---

[1] Appellee's brief claims that Appellant docketed his Rule 1925(b) statement with the trial court on March 27, 2018, but it was not transmitted to this Court as part of the certified record. Appellee's Brief at 2.

To give effect to these provisions, the Pennsylvania Supreme Court has established a bright line rule that, "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (citation and brackets omitted); *Linde v. Linde Enter.*, 118 A.3d 422, 430 (Pa. Super. 2015). Rule 1925(b) applies to *pro se* appellants, including those in civil cases. *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 658 (Pa. Super. 2000); *Jones v. Rudenstein*, 585 A.2d 520, 522 (Pa. Super. 1991).

Here, after review of the record, we agree with the trial court that Appellant waived any right to appellate review of his issues by failing to timely file a Rule 1925(b) statement on or before March 13, 2018. Accordingly, we agree that Appellant waived his eligibility for appellate review. *See Commonwealth v. Freeland*, 106 A.3d 768, 776 (Pa. Super. 2014).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/07/2018

- 3 -