J-A04005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JACK GIBSON, JR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DORRINE MCKINNEY, | |
| Appellant | No. 2447 EDA 2016 |

Appeal from the Order July 12, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): No. 06-08819

BEFORE:  SHOGAN, SOLANO, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:              **FILED APRIL 27, 2017**

Appellant, Dorrine McKinney ("Mother"), appeals from the order entered on July 12, 2016, that denied her petition for contempt filed against Appellee, Jack Gibson, Jr. ("Father").  We affirm.

In its opinion, the trial court set forth the relevant facts of this case as follows:

> Mother and Father are the natural parents of ["Child", who was born in February of 2005]. The original Complaint for Custody was filed by Father on April 17, 2006. On June 19, 2006 the parties entered into an Agreed Custody Order. The Agreed Custody Order provided Mother and Father shared legal custody, Mother primary physical custody, and Father partial physical custody on alternating weekends.

---

[*]  Retired Senior Judge assigned to the Superior Court.

On March 2, 2011 Father filed an Emergency Petition to Modify Custody. Father's Emergency Petition to Modify Custody sought to reduce his custodial time with [Child] because at that time he was training for a new job. His Petition to Modify Custody also sought custodial time every other weekend Friday through Monday once he completed training. The parties attended a Custody Conciliation Conference on April 14, 2011. In the Conciliation Report issued after the conference, Master Sara Goren described the parental relationship as "very high conflict." Father subsequently withdrew his Emergency Petition to Modify Custody on November 2, 2011. The Agreed Custody Order of June 19, 2006 remained in full force and effect.

On January 8, 2015, Mother filed an Emergency Petition for Special Relief to Impose Conditions on and to Temporarily Suspend Father's Period of Custody. In her Petition, Mother requested, *inter alia*, "to impose conditions on Father's periods of custody because Father has repeatedly and intentionally placed [Child] in circumstances which risk his health, safety and well being." As a result, Judge Weilheimer entered an Order by agreement of the parties on January 30, 2015 granting Mother's Petition for Special Relief. As part of the agreement, Father agreed, amongst other things, to attend four (4) professional family counselling sessions with [Child] to focus on their relationship.

On April 24, 2015, Father filed a Petition for Contempt. In his Petition, Father claimed, *inter alia*, that [Child] refused to go with Father on Father's custodial time. Father's petition was denied by the Honorable Gail Weilheimer on July 13, 2015. The Agreed Custody Orders dated June 19, 2006 and January 30, 2015 remained in full force and effect with a minor clarification pertaining to the pick-up and drop-off location.

On December 29, 2015 Mother filed a Petition for Contempt. Mother's Petition for Contempt was similar to Father's Petition for Contempt filed April 24, 2015 in that it mentioned the same incident dates and issues, but from a different perspective. Mother's Petition asserted that Father "communicated to [M]other that he will no longer pick up [Child]" and has "refused to keep [Child]." Additionally, Mother asked the Court for "assistance with the Father and son relationship."

Father filed an Answer to Mother's Petition for Contempt on January 7, 2016. In his response, Father asserted that he told Mother he would no longer "force his son to be with him after his son communicated he did not want to be with his father at his father's residence"; that "he would not pick him up until [Child] is encouraged to be respectful"; that there have been numerous occasions in which [Child] "has refused to enter father's residence"; that [Child] has called Father a "loser, uneducated, and under-employed"; that counseling has been sought but that Mother finds a way to discredit the counselors and/or the results; and that [Mother encourages Child] to be disrespectful towards Father ….

The parties were originally scheduled for a settlement conference on March 2, 2016 with the hope that these issues could be worked out through some type of "mediation" involving the Court. The issues, however, were not resolved at the settlement conference. Therefore, the Court scheduled the parties for a protracted hearing on July 11, 2016. At the conclusion of the hearing, the Court denied Mother's Petition for Contempt placing its reasons on the record. Mother filed a timely Notice of Appeal on August 1, 2016.

Trial Court Opinion, 9/13/16, at 1-4.

On August 2, 2016, the trial court ordered Mother to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Mother was represented by Edward J. Fabick, III, Esquire, who had entered his appearance as counsel for Mother on February 3, 2016, and the order reflects that a copy of the order was mailed to counsel. Order, 8/2/16. Despite having representation, on August 23, 2016, Mother filed her Pa.R.A.P. 1925(b) statement *pro se*. However, Attorney Fabick, who remains counsel of record, filed Mother's appellate brief.

As noted above, Mother was, at all relevant times, represented by counsel. It is well settled that hybrid representation is not permitted, and

- 3 -

*pro se* filings submitted by a represented party are legal nullities. **See**

**Commonwealth v. Ali**, 10 A.3d 282 (Pa. 2010) (explaining that hybrid

representation is not permitted).[1] Accordingly, because the *pro se* filing was

a legal nullity, Appellant's *pro se* Pa.R.A.P. 1925(b) statement did not

preserve any issues for appeal.[2] **See Linde v. Linde Enterprises, Inc.**,

118 A.3d 422, 430 (Pa. Super. 2015) (stating that any issues not raised in

the Pa.R.A.P. 1925(b) statement are deemed waived) (citing

**Commonwealth v. Castillo**, 888 A.2d 775 (Pa. 2005)).

Assuming, for the sake of argument, that we were to deem the *pro se*

Pa.R.A.P. 1925(b) statement properly filed, we would encounter a separate

impediment to our review: the issues raised in the counseled brief do not

coincide with the issues in the *pro se* Pa.R.A.P. 1925(b) statement. In her

*pro se* Pa.R.A.P. 1925(b) statement, Mother raised the following issues:

---

[1] We note that there are limited circumstances where hybrid filings may be accepted, but those instances are not present here. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (deeming a *pro se* notice of appeal timely despite appellant being represented by counsel because a notice of appeal protects a constitutional right and is distinguishable from other filings that require counsel to provide legal knowledge and strategy).

[2] While Mother's Pa.R.A.P. 1925(b) statement was a nullity, and the equivalent of a failure to file a concise statement, we may not simply overlook the error as we might in a children's fast track case pursuant to **In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009), or remand for the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc* as in a criminal case pursuant to Pa.R.A.P. 1925(c)(3). The case at bar is an appeal from a contempt case in civil court, and there is no authority that permits this Court to overlook the procedural misstep that occurred here.

A. The honorable custody court erred and abused its discretion by not taking into account [Father's] testimony on July 11, 2016. [Father's] testimony confirmed that he violated the custodial order on four occasions.

B. The honorable custody court erred and abused its discretion by not considering [the] previous decision issued on July 13, 2015, by Honorable Gail A. Weilheimer.

C. Honorable Risa Vetri Ferman ruled to dismiss the contempt petition (exhibit A-1) resulting in no resolution to [Father] abiding by the custody order (exhibit B-1). This decision allows [Father] to continuously violate the custody order.

D. [Father] should be granted back the days in the contempt petition for violating the custody order.

Mother's Pa.R.A.P. 1925(b) statement (full capitalization omitted). However, in her counseled brief on appeal, Mother purports to present the following issues:

A. Whether the trial court erred as a matter of law by failing to find [Father] in contempt of the Agreed Order of Custody dated June 19, 2006.

B. Whether the trial court erred as a matter of law and abused its discretion in allowing [Father] to testify without limitation effectively changing the nature of the hearing from one of contempt to one of modification of custody.

C. Whether the trial court abused its discretion in dismissing [Mother's] Petition for Contempt without a finding of contempt.

Mother's Brief at 4.

Clearly, issue B from Mother's brief concerning the allegation that Father's testimony changed the contempt hearing into a custody hearing, was not presented in the Pa.R.A.P. 1925(b) statement, and, thus, was not presented to the trial court. Therefore, were we to consider Mother's *pro se*

Pa.R.A.P. 1925(b) statement properly filed, issue B from Mother's brief was not preserved for appeal. **Linde**, 118 A.3d at 430.

Moreover, even if we did not find a complete waiver of the issues, Mother would be entitled to no relief. Were we to reach the merits of this appeal and Mother's challenge to the trial court's conclusion that Father was not in contempt, we would affirm the order denying Mother's motion, and we would do so on the basis of the measured and well-reasoned trial court opinion.

For the reasons set forth above, we conclude that Mother failed to preserve any issues for appellate review. Accordingly, we affirm the July 12, 2016 order.

Order affirmed.

Judge Platt joins the Memorandum.

Judge Solano files a Concurring Statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/27/2017

- 6 -