J-A17013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.M.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| L.A. AND D.M. | : | |
| | : | |
| Appellees | : | No. 177 EDA 2017 |

Appeal from the Order Entered December 15, 2016
In the Court of Common Pleas of Northampton County
Civil Division at No(s): C0048-CV-2015-11487

BEFORE: GANTMAN, P.J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 09, 2017**

Appellant, A.M.P. ("Father"), appeals from the order entered in the Northampton County Court of Common Pleas, which granted in part and denied in part Father's petition in this child custody matter. We affirm.

The trial court opinion correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no need to restate them. We add that on January 5, 2017, Father filed *pro se* a timely notice of appeal and contemporaneous statement of errors complained of on appeal per Pa.R.A.P. 1925(a)(2)(i).

Father raises the following issues for our review:

> [WHETHER] THE TRIAL COURT ERRED WHEN IT DID NOT IMMEDIATELY ADDRESS IN A FULL HEARING THE CLEAR VIOLATIONS OF NOT ONLY ITS OWN COURT ORDER BY [AUNT] BUT THAT OF [23 PA.C.S.A. § 5337] IN DIRECT CONFLICT WITH THE BEST INTERESTS OF…CHILD[?]

_____

*Retired Senior Judge assigned to the Superior Court.

[WHETHER] THE TRIAL COURT ERRED BY DENYING [FATHER] THE OPPORTUNITY TO BE HEARD ON THE ISSUE OF "*IN LOCO PARENTIS*" EFFECTIVELY PERMITTING A NON-CUSTODIAN TO HAVE COURT ORDERED VISITATION OVER…FATHER'S OBJECTION[?]

[WHETHER] THE TRIAL COURT ERRED WHEN IT DECIDED IN BOTH THE OCTOBER [2016] AND DECEMBER [2016] HEARINGS TO GRANT [AUNT] CONTINUED VISITS DESPITE CLEAR EVIDENCE THAT SUCH VISITS WERE NOT IN THE BEST INTERESTS OF…CHILD[?]

[WHETHER] THE TRIAL COURT ERRED BY PERMITTING [AUNT] TO CONTINUE THE HEARING AND TRIAL OVER [FATHER'S] OBJECTION INVOLVING THE VIOLATION OF THE PENNSYLVANIA RULES OF CIVIL PROCEDURE[?]

(Father's Brief at 9, 11, 14, 15).[1]

On appellate review of a child custody order:

[O]ur scope is of the broadest type and our standard is abuse of discretion. This Court must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, this Court must defer to the trial judge who presided over the proceedings and thus viewed the witnesses first hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

---

[1] Father did not include in his brief a formal statement of questions presented. We list here the subheadings found in the argument portion of Father's brief.

***S.J.S. v. M.J.S.***, 76 A.3d 541, 547-48 (Pa.Super. 2013) (internal citation omitted).

"Issues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Issues not raised in a Rule 1925 concise statement of errors will likewise be deemed waived. ***Linde v. Linde Enterprises, Inc.***, 118 A.3d 422, 430 (Pa.Super. 2015), *appeal denied*, ___ Pa. ___, 129 A.3d 1243 (2015); ***J.P. v. S.P.***, 991 A.2d 904, 908 (Pa.Super. 2009) (applying Rule 1925 waiver standards in custody dispute context). "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*." ***Commonwealth v. Hill***, 609 Pa. 410, 428, 16 A.3d 484, 494 (2011). Where an appellant fails to raise or develop an issue on appeal properly, this Court will not consider the merit of the claim. ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000). Additionally, an appellant's failure to cite to the record and relevant supporting authority constitutes waiver:

> An appellate brief must provide citations to the record and to any relevant supporting authority. The court will not become the counsel for an appellant and will not, therefore, consider issues which are not fully developed in [his] brief. Failing to provide…citation to the record represents serious deviations from the briefing requirements of the Rules of Appellate Procedure. Because such an omission impedes on our ability to address the issue on appeal, an issue that is not properly briefed in this manner is considered waived.

***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa.Super. 2006). ***See also*** Pa.R.A.P. 2119(c) (providing: "If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the

record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears…").

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Stephen G. Baratta, we conclude Father's issues warrant no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed January 11, 2017, at 5-6) (finding: **(1)** "relocation" did not occur; Child has remained in Father's primary physical custody in Easton, Northampton County, PA; Aunt's move did not impact custody order; Aunt had no obligation to request court's permission to move; **(2)** to extent Father argues Aunt lacks standing, Father waived that claim when he filed initial custody petition against Aunt in 2011; since 2011, every custody order has recognized Aunt as party custodian and has provided Aunt partial custody; Aunt is party to this custody proceeding; **(3)** no credible testimony or evidence suggested parties had concerns regarding "religious or moral values";[2] **(4)** Father's claim that Aunt did not

---

[2] In his Rule 1925 statement, Father claimed the trial court erred because it failed to consider "religious morals and values" when it entered the December 15, 2016 custody order. In his brief on appeal, Father argues it is not in Child's best interest to visit Aunt due to Aunt's purported conduct, including her faith. Because Father failed to articulate in his Rule 1925 statement his claims concerning Aunt's conduct beyond the generic label of
*(Footnote Continued Next Page)*

properly follow procedural rules lacks legal basis[3]).  The record supports the

trial court's rationale.  Accordingly, we affirm on the basis of the trial court

opinion.[4]  ***See S.J.S., supra***.

      Order affirmed.  Case is stricken from the argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2017

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

"religious moral and values," his third issue is waived.  ***See*** Pa.R.A.P. 302(a), ***supra***; ***Linde, supra***.

[3] In his brief, Father fails to cite the certified record or relevant authority to support his argument that Aunt violated the Pennsylvania Rules of Civil Procedure.  As a result, Father's fourth claim on appeal continues to lack any legal basis.  ***See Gould, supra***; Pa.R.A.P. 2119(c), ***supra***.

[4] Due to our disposition, we deny Father's open motion to stay the December 15, 2016 custody order.

# IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY, PENNSYLVANIA
## CIVIL DIVISION –LAW

A. M. P.          ,                    )          NO. 2015-11487
                                       )
                        Plaintiff,     )
                                       )
              v.                       )
                                       )
L. A.   and   D. M.   ,                )
                                       )
                        Defendant.     )

## PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a) STATEMENT

This is a custody matter involving  L. P.          The natural Father is  A. M. P.  The natural Mother is L. A.   Additional Defendant,  D. M.  , is the maternal aunt.

The undersigned's involvement in this matter began at a custody mediation conference held on June 8, 2016. At that time, the Father and  D. M.  · came before the Court to enter into an agreed Order to modify the existing custody order.

The historical background is that the child was initially in the primary custody of Mother,  L. A. ·, until several months of age, when maternal aunt.  D. M. ·, became the primary custodian. Aunt was residing in Allentown, Lehigh County. As best we can tell from review of the file and the party's representations, Mother has a history of struggling with substance abuse and mental health concerns. Mother may continue to live in the Lehigh Valley; however, Mother has not be active in child's life since Aunt obtained custody of the child at 7 months. At the time that Aunt assumed custody, Father was employed outside of the United States and was



unavailable as a custodial resource until his return to the country sometime in 2011. When Father returned to Easton, Pennsylvania, he commenced a custody action in the Court of Common Pleas of Lehigh County. After a trial held on November 14, 2011, Father obtained primary custody from D. M. . The Lehigh County Order provided sole legal and primary custody in Father, with D. M. having "temporary physical custody" every weekday on Monday through Friday while Father was at work. In addition, D. M. had weekend visitation each Sunday from noon until Monday at the end of Father's work day.

It appears that from November of 2011 through December, 2015, the parties (A. M. and D. M.) successfully cooperated with each other, without further court involvement until December of 2015, when Father filed a Custody Complaint in Northampton County seeking to transfer jurisdiction and to restrict child's partial custody with Aunt. Apparently, Father alleged that child should not travel to Allentown every day to spend time with Aunt. Further, Father alleged in his pleading that Aunt was disparaging Father and inflicting psychological harm on the child.

Eventually, the parties were directed to the undersigned for a custody mediation conference. On June 8, 2016, where the parties, each represented by counsel, entered into an Agreed Order in which Aunt was to have custody every other weekend from Friday at 6:00 p.m. until Saturday at 8:00 p.m. During summer vacation, Aunt's Friday visit would begin at 8:00 a.m. through Sunday evening. In addition, Aunt was to have Wednesday dinner visits from 6:00 p.m. until 8:00 p.m. Aunt was to have one week summer vacation upon thirty days notice to Father. Finally, Aunt was to have a Christmas Eve visit from 1:00 p.m. until 8:00 p.m.

Shortly after reaching the agreement, Father discharged his attorney. On October 3, 2016, the undersigned was in chambers when another judge called me down to Motions Court.

2

Father appeared in Motions Court complaining that he needed emergency relief terminating maternal aunt's custody, because Aunt had moved. I agreed to go down to see Father. I listened to his complaints, even though Father did not have the appropriate paperwork (Petition and Notice). I declined to act on the ex-parte complaint; however, I listed this matter for a hearing on October 14, 2016, to accommodate Father's concern.

The parties appeared on October 14, 2016. Aunt testified that she had recently moved from her apartment in Allentown, Lehigh County, into a single family residence with her boyfriend in Hanover Township, Northampton County. Aunt apparently is now pregnant with her boyfriend's child.

Father asserted that Aunt no longer has a stable residence and that Father had no knowledge of Aunt's boyfriend or boyfriend's home. Aunt agreed that she would hold her visits at her mother's (Maternal Grandmother) residence in the City of Bethlehem and that Aunt's boyfriend would not participate in her visits. Father argued that maternal grandmother's home is not appropriate because there was not a separate bedroom for his daughter. At the end of the brief hearing on Father's alleged emergency, we modified the existing custody order to provide Aunt with one overnight weekend visit per month to be held at the maternal grandmother's residence. We also allowed the Wednesday dinner visits to continue. We then listed the matter for a trial on Father's petition to modify custody, set for the December Non-Jury Trial List.

Thereafter, Father filed a flurry of *pro se* pleadings requesting reconsideration and/or rescission of our order. They were denied.

This matter was listed for trial on December 12, 2016. The parties appeared *pro se*. We took testimony and we entered our Order on December 13, 2016, granting Father's request to modify the order in part and denying it in part. Basically, we adopted our interim order as a final

3

order allowing Aunt one overnight visit per month and her Wednesday dinner visits, with the visits to be held at maternal grandmother's residence. We did so as an accommodation to Father, who voiced significant continued concerns that he had no knowledge or comfort with the boyfriend and with visits occurring at the residence of boyfriend. Still, Aunt's testimony and her photographs admitted into evidence suggest that her boyfriend's home is spacious, clean and well-appointed. We also note that Father was aware of and on occasion has appeared at material Grandmother's apartment. He did complain that the apartment was small and that there was no bedroom for daughter, however, he did not raise any significant concerns about Grandmother. We also granted Father's request that we preclude maternal uncle from attending the visits at grandmother's home based on Father's allegation that he had a history of criminal convictions.

Based on the record, Aunt has always been an appropriate caregiver. Aunt testified that as a result of her consistent history of involvement with the child, that she and child are bonded. It is also apparent that Aunt has faithfully fulfilled her custodial responsibilities and has steadfast remained the only maternal resource who is bonded with daughter. There is nothing in the record that suggests that Aunt is a risk to the child, failed to fulfill her responsibilities, or has committed any inappropriate action.

It is clear that Father and Aunt are no longer able to get along. Although, Father sought to terminate child's contact with child's maternal family, he was not able to produce any credible evidence that would suggest that Aunt's custodial time should be restricted or further reduced.

Given the obvious bond between Aunt and child and Aunt's dedication to the child, we found it continues to be in the child's best interest that Aunt maintain reasonable contact with child as set forth in our Order. For this reason, we were unwilling to grant Father's request that we preclude child's maternal family from having any contact with child.

4

Father apparently believes that this Court has overstepped its bounds by not acceding to his wishes.

We have reviewed Father's Statement of Matters Complained of on Appeal. Frankly, we find them to be confusing and without legal merit.

First complaint is the allegation that Aunt violated 23 Pa. C.S.A. § 5337 and that we erred in not recognizing Father's assertion.

Section 5337 relates to relocation. There was no relocation in this case. The child remains in Easton, Pennsylvania, with Father, the primary custodian. The Aunt moved between five and ten miles **closer** to Father and child, instead of residing in Allentown, Aunt now resides in Hanover Township (immediately outside the City of Bethlehem). Aunt's move has had no impact on the custody order. There was no legal obligation or requirement for Aunt to request the permission of this court to move her residence from Allentown, Lehigh County to Hanover Township, Northampton County.

The second complaint is a claim that "the lower court erred by not permitting argument of in loco parentis. . ." We do not understand the claim. If Father's argument is that Maternal Aunt has no standing to participate in this custody matter, that argument was waived when Father filed a custody petition against aunt in 2011. Since 2011, every court order has recognized Aunt as a party custodian and each Order has provided aunt with partial custody. She is a party to this custody proceeding unless and until a court finds legal reason to strip Aunt of partial physical custody. We certainly found no reason to do so.

The third complaint also makes no sense. As best we can decipher the claim, somehow Father believes that the record supports that "religious morals and values" did not support our finding and conclusions Aunt should continue to have her partial custody/visitation.

5

There was no credible testimony or evidence which suggests any religious or "moral value" concerns in this record.

Father's fourth complaint appears to be that we erred by allowing Aunt to appear, defend, participate and testify in his action to modify her Court ordered custodial rights and terminate all custodial contact with the child. Father also apparently believes that procedural rules were not followed. There is no legal basis for Father's claim.

We note that this year, Father has become a pro se serial filer who does not understand the Rules of Civil Procedure with regard to his pleading obligation, as his pleadings do not contain appropriate notices as required by the Rules of Civil Procedure and his petitions are not properly plead. Further, he continuously bombards this court with inappropriate ex-parte letters and communication requesting ex-parte relief. We further note, that we have attempted to entertain Father's concerns at each juncture, despite Father's defects in complying with the Rules of Civil Procedure. We have entertained all Father's claims and given Father an opportunity to raise any concern he might have about this child's best interest and that somehow the agreed custody Orders is longer in the child's best interest. He could not meet his burden of proof.

We suggest that Father's appeal should be dismissed.

BY THE COURT:

_____

STEPHEN G. BARATTA, P.J.

6